Isaiah and Regina Megibow, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 42402.    Promulgated November 13, 1953.

*Isaiah Megibow* and *Regina Megibow, pro sese.*
*Kenneth W. Gemmill, Esq.*, for the respondent.

#### OPINION.

Murdock, *Judge:* The Commissioner determined a deficiency of $121.42 in income taxes of the petitioners for 1949. The petitioners allege that the Commissioner erred in not taking taxes and mortgage interest into account as carrying charges in computing the profit from the sale of their residence, as provided by sections 24 (a) (7) and 113 (b) (1) (A) of the Internal Revenue Code, and in failing to find that $375.28 of Isaiah's salary received as a Civil Service employee of the Internal Revenue Service is exempt from taxation. The case was submitted under Rule 30 and the stipulation of facts, including all exhibits, filed by the parties is adopted as the findings of fact.

The petitioners, husband and wife, filed joint returns for the years 1944 through 1949. The return for 1949 was filed with the collector of internal revenue for the fifth district of New Jersey.

The petitioners purchased a house at 82 Osborne Place, Irvington, New Jersey, on September 15, 1944, and thereafter occupied it as their residence until they sold it on December 6, 1949. They paid real estate taxes and interest on a mortgage encumbering the property during that occupancy in the total amount of $1,341.38. They did not itemize any deductions on their returns for the years 1944 through 1949 but each year claimed the standard deduction allowed by law in lieu of itemized deductions. They gave no indication on their returns or otherwise that they were electing to capitalize interest on the mortgage and taxes on the property prior to March 15, 1950, when they filed a return for 1949 and stated thereon:

Pursuant to provisions of section 24 (a) (7) of the Internal Revenue Code, we have elected to capitalize interest on mortgage as well as taxes on property at 82 Osborne Place, Irvington 11, New Jersey. As long as this property was used

by us as a personal residence, no deductions were claimed thereon for interest on mortgage or taxes.

The interest and taxes were deductible as paid. Section 23 (b) and (c). Section 23 (aa) allows individuals at their election an optional standard deduction in lieu of all other deductions with exceptions not material hereto. Section 113 (b) (1) formerly provided that the basis for determining gain from the sale of property should be adjusted for items properly chargeable to capital account "including taxes and other carrying charges on unimproved and unproductive real property" provided no deduction had been taken by the taxpayer for such taxes or other carrying charges during the taxable year or prior years. The quoted part was dropped from that provision by an amendment in the Revenue Act of 1942, and at the same time section 24 (a) (7) was added to provide that no deduction would be allowed "for such taxes and carrying charges as, under regulations prescribed by the Commissioner with the approval of the Secretary, are chargeable to capital account with respect to property, if the taxpayer elects, in accordance with such regulations, to treat such taxes or charges as so chargeable." The purpose of the amendment, as shown by its legislative history, was to allow carrying charges to be capitalized under the Commissioner's regulations, but to prohibit the deduction of such amounts and to make it clear that such charges are not limited to those on unimproved and unproductive real property. H. Rept. No. 2333, 77th Cong., 2d Sess., p. 82.

The regulation promulgated by the Commissioner to carry out the purpose of the new amendments described the types of property on which carrying charges could be capitalized to include unimproved and unproductive real property, real property of any kind on which expenditures otherwise deductible were made in the development of the property or in the construction of an improvement thereon up to the time the development or construction had been completed, taxes on services rendered in transporting fixed assets to or installing them in a plant, and interest on a loan to purchase such property, and "Any other taxes and carrying charges with respect to property, otherwise deductible, which in the opinion of the Commissioner are, under sound accounting principles, chargeable to capital account." He also required that the election to capitalize be exercised by filing with the original return a statement indicating the election and its scope. See Regs. 111, sec. 29.24–5 and sec. 29.113 (b) (1)–1. Those regulations have the force and effect of law. There were no subsequent changes in the law or regulations material hereto.

The residence upon which the petitioners claim the right to capitalize interest and taxes is not unimproved or in process of construction or improvement. It was in regular normal use. The interest

and taxes were not charges incurred in carrying it through a temporary period for some later more significant use. Those items could not be properly capitalized as a part of the cost of such a property either in the opinion of the Commissioner or under sound accounting principles. See W. A. Paton, Accountants Handbook, 2d ed., p. 1100; W. A. Paton and A. C. Littleton, An Introduction to Corporate Accounting Standards, p. 31. Furthermore, neither Congress nor the Commissioner ever intended that taxes and interest on a personal residence in regular normal use be treated as carrying charges or capitalized. The petitioners cite no accounting or other authority to support their contention and the Court knows of none. It is unnecessary to discuss other arguments of the Commissioner in support of his determination on this point since he obviously did not err.

The petitioner, Isaiah, became a Civil Service employee a number of years prior to 1949. His Federal employment was without interruption. He enjoyed permanent Civil Service tenure and was subject to the provisions of the Civil Service Retirement Act. His employment was in the Internal Revenue Service where he was a revenue agent, conferee, and, in 1949, a technical advisor. His compensation for 1949 as a Civil Service employee was $6,254.08. He reported that amount in his return. $5,359.50 of the total was paid to him in cash, $519.30 was withheld as income tax, and $375.28 represented "Payments deposited in the Treasury of the United States to the credit of Civil Service retirement and disability fund created by the Act of May 22, 1920 (U. S. C. A. Title 5, Sec. 719)." He received "No retirement annuity payments or refund of amounts deducted from his salary plus interest" during 1949.

The petitioners contend that $375.28 withheld from Isaiah's compensation, as described above, should be excluded from their gross income under section 165 (b) or section 22 (b) (2) (B) of the Internal Revenue Code. Section 165 has to do with employees' trusts, and (b) provides, with an exception which is not pertinent, that the amount actually distributed or made available to any distributee by any such trust shall be taxable to him in the year in which so distributed or made available to him under section 22 (b) (2) as if it were an annuity, consideration for which is the amount contributed by the employee. Obviously that provision does not cover the present situation. Section 22 (b) (2) (B), as it was in effect for the year 1949, deals with the exclusion from gross income of employees' annuities. It provides how amounts received by an employee under an annuity contract purchased for him by his employer are taxable to the employee. That provision has no application to the present question. The amount here in question is a part of Isaiah's salary as an employee of the Internal Revenue Service and is not an amount received under an

annuity contract. Furthermore, it was not an amount contributed by his employer to the Civil Service retirement and disability fund created by the Act of May 22, 1920, but, on the contrary, was a contribution to that fund by Isaiah of a part of his salary. The $375.28, being a part of the fixed salary of Isaiah, was taxable to him as income unless there was some provision of the Code providing otherwise. He is deemed by law to have consented and agreed to the deduction from his compensation, and upon payment of the remainder of his salary, all claims for the services rendered covered by the payment, except the right to the benefits to which he is entitled as a Civil Service employee, are fully discharged. See 5 U. S. C. 722. Section 724 of that Code directs that the amount so deducted shall be credited to his individual account in the fund. He could have the amount with interest repaid to him should his service terminate prior to his retirement with less than 20 years of service. The system is designed to be favorable to employees so that the benefits will exceed the worth of their contributions with interest. The Court knows of no provision of the Code under which this part of his compensation could be excluded from income or exempt from tax. *Cecil W. Taylor, et al.*, 2 T. C. 267, affd. *Miller* v. *Commissioner*, 144 F. 2d 287. Cf. *Dismuke* v. *United States*, 297 U. S. 167. The cases of *Raines* v. *Board of Trustees*, 365 Ill. 610, 7 N. E. 2d 489, *Pecoy* v. *Chicago*, 265 Ill. 78, 106 N. E. 435, and *Dallas* v. *Trammell*, 129 Tex. 150, 101 S. W. 2d 1009, which the petitioner cites for the proposition that mandatory withholdings from the pay of an employee for deposit in a pension fund actually represent contributions by the employer, are not accepted as authority for the proposition that this part of the petitioner's salary was not taxable to him under the provisions of the Internal Revenue Code.

*Decision will be entered under Rule 50.*