JOHN M. and FRANCES A. MURPHEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Murphey v. Commissioner
Docket No. 257-73
United States Tax Court
T.C. Memo 1975-317; 1975 Tax Ct. Memo LEXIS 56; 34 T.C.M. (CCH) 1377; T.C.M. (RIA) 750317; October 21, 1975, Filed John M. Murphey, pro se. Peter D. Bakutes, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1970 of $264.51. The issues for decision are: (1) whether amounts withheld from John Murphey's salary and contributed to California's Public Employees' Retirement System are taxable income to petitioners in the year withheld; (2) whether petitioners' telephone expense is deductible as an ordinary and necessary business expense in an amount greater than that allowed by respondent; and (3) whether *57 petitioners are allowed a deduction for the cost of food consumed by John Murphey at his place of employment. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners resided in Rohnert Park, California when they filed their petition. John M. Murphey ("petitioner") worked as a fireman for the City of El Cerrito, California from May 1962 through 1970. In May 1959 the City Council of the City of El Cerrito entered into a contract with the State Employees' Retirement System whereby firemen hired by the City of El Cerrito became members of the State Employees' Retirement System. In 1968 the State Employees' Retirement System was renamed the Public Employees' Retirement System ("PERS"). In 1970 $1,241.21 was withheld from petitioner's salary, contributed to PERS by the City of El Cerrito, and credited by PERS to petitioner's individual account with PERS. Petitioners deducted that amount from gross income on their 1970 income tax return. *58 PERS is governed by Sections 20000 through 21500 of the California Government Code. Petitioner's retirement plan membership is compulsory and his interest in the plan is nonforfeitable. Had he resigned or been dismissed in 1970, he would have had the option of either (a) withdrawing his accumulated contributions in his individual account or (b) leaving them in the PERS account until he reached eligible retirement age. Petitioner has the power to designate beneficiaries to receive his death benefits. Were he to die while employed as a fireman, his PERS' death benefit would be determined by reference to, and would in no event be less than, his accumulated contributions in his PERS account at the time of death. Were he to retire before normal retirement age due to an industrial disability, petitioner would be entitled to a disability retirement allowance equal to 50 percent of his final compensation plus an annuity purchased with his accumulated additional contributions. If petitioner remains with the City of El Cerrito as a fireman until he reaches retirement age (or if he resigns or is dismissed before such time, but elects to leave his accumulated contributions in his individual *59 account with PERS), he will, upon his retirement, receive a service retirement allowance from PERS consisting of a percentage of his final compensation, determined according to his age at time of retirement, his years of service and his age at the time he became a PERS member. His service retirement allowance will consist of a current service pension funded from employer contributions made to PERS by the City of El Cerrito plus a service retirement annuity (which is the actuarial equivalent of the accumulated contributions in petitioner's account with PERS). The fire department required petitioner to have a telephone at his residence. During 1970 petitioners paid $57 for basic telephone service at their home. Petitioner's family consists of his wife and four children. All six of them used the telephone regularly for personal calls. Petitioner made seven telephone calls to the firehouse from his residence in 1970. Respondent allowed petitioner a $19 deduction for the telephone. During 1970 petitioner worked 110 shifts, each 24 hours long. He was not allowed to leave the firehouse for meals while on duty. Instead, facilities are provided to enable firemen to prepare and eat their *60 meals at the firehouse, but they must provide their own food. Petitioner did so in 1970. OPINION 1. Contribution to retirement fund.
Petitioner contends that amounts withheld from his salary and contributed on his behalf to the California Public Employees' Retirement System in 1970 were not includible in his gross income. Respondent argues that the contributions to the retirement system were includible in gross income, and we agree. Despite the fact that the legal issue in controversy here has been litigated by these same parties twice before in this Court, respondent did not raise in his answer or by motion the defense of collateral estoppel and does not rely upon the defense in his argument. "The well-established rule in this Court is that collateral estoppel and res judicata are affirmative defenses, which must be pleaded." Theodore B. Jefferson,50 T.C. 963, 966 (1968); Rule 39, Tax Court Rules of Practice and Procedure. Because collateral estoppel has not been raised by respondent, we do not reach the question whether our judgments in small issue cases brought under section 7463 work a collateral estoppel on the parties to such procedures. On the *61 merits, California's Public Employees' Retirement System (PERS) is comparable in all significant respects to the Federal employees' retirement system, and it is firmly established that amounts withheld from salary and contributed to the Federal system or a comparable system are includible in the employee's currently reportable gross income. Hogan v. United States,513 F. 2d 170 (6th Cir. 1975); Lawrence J. Cohen,63 T.C. 267 (1974); Eugene G. Feistman,63 T.C. 129 (1974); Isaiah Megibow,21 T.C. 197 (1953), affd. 218 F. 2d 687 (3rd Cir. 1955); Cecil W. Taylor,2 T.C. 267 (1943), affd. sub nom. Miller v. Commissioner,144 F. 2d 287 (4th Cir. 1944). 2. Telephone expenses.
Petitioner claims he is entitled to a telephone business expense of $57 (the entire basic cost for telephone service for the year 1970), whereas respondent allowed him only $19. During the year petitioner called the firehouse 7 times. The telephone was used regularly by all members of petitioner's *62 household for personal calls. Petitioner, who has the burden of proof (Rule 142(a), Tax Court Rules of Practice and Procedure), has failed to introduce any evidence to prove that he is entitled to deduct more than respondent allowed. Therefore, respondent's determination is upheld. 3. Food expense.
Petitioner claims he is entitled to deduct the cost of food he consumed at the firehouse while on duty. Respondent disallowed this deduction in full as a personal expense. Petitioner had to remain at the firehouse during each 24-hour shift. His employer provided cooking facilities, but petitioner had to buy his own groceries. We agree with respondent that the cost of the groceries was a nondeductible personal expense. Petitioner would have incurred such expense whether or not employed as a fireman. See Richard A. Sutter,21 T.C. 170, 174 (1953). The fact petitioner worked long hours did not convert the cost of groceries to a business expense. See Louis Drill,8 T.C. 902 (1947). Section 119, providing an exclusion from gross income for certain meals furnished *63 in kind, applies only to meals provided in kind. Robert J. Kowalski, 65 T.C. (Oct. 14, 1975). In any event, purchased groceries do not come within section 119. Michael A. Tougher, Jr.,51 T.C. 737 (1969), affd. percuriam441 F. 2d 1148 (9th Cir. 1971). Petitioner has not pointed to any authority, nor do we know of any, permitting a taxpayer to deduct the cost of his groceries under circumstances similar to those presented in this case. Such cost was a nondeductible personal expense. Decision will be entered for respondent.
Footnotes
1. This is the third consecutive year with respect to which petitioners have raised the first issue and the second year they have raised the other issues. See T.C. Summary Opinions 1973-88 and 1972-4.↩