HOWARD W. HERSTROM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Herstrom v. Commissioner
Docket No. 3527-78.
United States Tax Court
T.C. Memo 1979-310; 1979 Tax Ct. Memo LEXIS 217; 38 T.C.M. (CCH) 1209; T.C.M. (RIA) 79310; August 13, 1979, Filed *217 Howard W. Herstrom, pro se. Martha Rist, for the respondent. QUEALY
MEMORANDUM OPINION QUEALY Judge: Respondent determined a deficiency in income tax of the petitioner for the taxable year 1976 in the amount of $174.00 The only question presented for decision is whether petitioner is entitled to deduct contributions of $577.61 to a state employees pension fund which were withheld from his salary as an employee of Hennepin County, Minnesota. All of the facts have been stipulated and are so found. The stipulation of facts together with exhibits attached thereto are incorporated herein by this reference. The petitioner, Howard W. Herstrom, duly filed an individual income tax return for the taxable year 1976 on the cash receipts and disbursements basis. At the time of filing the petition herein, petitioner resided in St. Louis Park, Minnesota. During the taxable year 1976, petitioner was employed by Hennepin County, Minnesota. Under state law, the petitioner was required to participate in the Public Employees Retirement Association. There were deducted from his salary contributions to the fund in an amount equal to 4 percent of his salary. The petitioner *218 or his beneficiary was entitled to a refund of his contributions upon his retirement, termination of employment, or death. [1] Petitioner objects to the inclusion of the amount he was required to contribute to the fund in his taxable income for the year 1976 on the grounds, inter alia that the contributions were involuntary and that petitioner, due to his age, would not qualify for a pension. It is undeniable that the deduction in dispute constitutes part of the salary payable to the petitioner on account of his employment by Hennepin County. At all times, petitioner had a vested interest in the amount contributed in that he or his beneficiary would be entitled upon the termination of his employment to a refund of his total contributions plus interest. Notwithstanding the fact that the petitioner's contributions to the association were mandatory, petitioner is taxable on the full amount of his salary for the year 1976. See Cohen v. Commissioner,63 T.C. 267 (1974), aff'd,543 F.2d 725 (9th Cir. 1976); Hogan v. United States,513 F.2d 170 (6th Cir. 1975), cert.denied,423 U.S. 836 (1975); *219 Boyer v. Commissioner,69 T.C. 521 (1977). It was explained to the petitioner at the hearing that the same question had been raised in prior cases and the question had been settled. In accordance with the ruling in these cases, Decision will be entered for the respondent.
Footnotes
1. Minn. Stat. § 353↩