EDWARD J. KOSMAL, AND NILI H. KOSMAL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kosmal v. Commissioner
Docket No. 5637-78.
United States Tax Court
T.C. Memo 1979-490; 1979 Tax Ct. Memo LEXIS 34; 39 T.C.M. (CCH) 651; T.C.M. (RIA) 79490; December 6, 1979, Filed Edward J. Kosmal, pro se. Darwin R. Thomas, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined the *35 following deficiencies in petitioners' Federal income taxes: Year
Deficiency
1974
$1,035
1975
1,390
1976
1,067
Some concessions have been made by both parties. The issues remaining for decision are: 1. Whether petitioners are entitled to exclude or deduct amounts withheld from the salary of Edward J. Kosmal for contributions to the Los Angeles County Employees Retirement Association in computing their taxable income for the years 1974 through 1976. 2. Whether petitioners are entitled to deduct as ordinary and necessary business expenses under section 162 [1] the purchase of Spanish language instruction, clothing, tape recorders and recording accessories. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts together with the attached exhibits are incorporated herein by this reference. Edward J. Kosmal and Nili H. Kosmal, husband and wife, resided in Beverly Hills, California, at the time they filed their petition in this case. They timely filed their joint Federal *36 income tax returns for the calendar years 1974, 1975 and 1976. Edward J. Kosmal (hereinafter petitioner) was employed from 1974 through 1976 by the County of Los Angeles as a Deputy District Attorney. As an employee of the County, his participation in the Los Angeles County Employees Retirement Association (hereinafter LACERA) was compulsory and nonforfeitable. The LACERA pension plan is organized and operated under California statutes. Cal. Govt. Code §§ 31450 through 31895. Under these laws petitioner was required to contribute a portion of his salary to the plan but was entitled to a refund of his contributions upon the termination of his employment for reasons other than death. In his Federal income tax returns for the years in issue, petitioner deducted as an adjustment to income the sums of $2,415 in 1974, $2,421 in 1975 and $2,590 in 1976. These amounts represented the required contributions withheld from his salary and paid to LACERA during those years. Respondent disallowed the claimed deductions. In his position as a Deputy District Attorney the petitioner frequently worked with persons who spoke Spanish. In 1975 he took instruction *37 in Spanish to enable him to interview witnesses and victims involved in criminal cases. In 1975 the petitioner purchased more expensive business suits because he was then planning to leave government service and enter private law practice. In 1975 the petitioner purchased and used two cassette tape recorders in interviewing witnesses and victims. He used the tapes to refresh his memory because of the long delay between the interview dates and trial dates. He also recorded various legal seminars with respect to civil and criminal litigation which were helpful in his work as a Deputy District Attorney. He listened to such tapes while driving to and from work. On his 1975 Federal income tax return petitioner claimed deductions of $125 for the expenses incurred in taking a Spanish language course, $606 for the cost of business suits and clothes, and $531 attributable to the two cassette tape recorders and accessories. Respondent disallowed the expenses as being personal rather business in nature. OPINION Issue 1: Retirement Fund Contributions
Petitioner argues that the amounts withheld from his salary and paid to LACERA should be excluded or deducted from his wages *38 in computing taxable income. The identical issue was considered and decided by this Court in Feistman v. Commissioner, 63 T.C. 129 (1974), appeal dismissed 587 F.2d 941 (9th Cir. 1978). There the taxpayer-husband was employed by the County of Los Angeles, and the taxpayer-wife by the Los Angeles City School District. As a condition of their employment, both husband and wife were required by law to participate in the retirement systems of their respective employers. As a result, amounts were withheld each year from their gross wages as employee contributions to their respective retirement funds. The retirement plans were, as in this case, compulsory and nonforfeitable because each taxpayer was required to contribute to the retirement plan from his or her gross wages and each was entitled to a refund of contributions upon termination for reasons othe than death. We held in the Feistman case that the retirement systems were comparable in all significant respects to the retirement system applicable to Federal employees and, as such, amounts withheld from salary and contributed to the applicable systems were includable in the employee's gross income. *39 See also Sibla v. Commissioner, 68 T.C. 422 (1968); Hogan v. United States, 513 F.2d 170 (6th Cir. 1975); Cohen v. Commissioner, 63 T.C. 267 (1974), affd. per curiam 543 F.2d 725 (9th Cir. 1976); Megibow v. Commissioner, 21 T.C. 197 (1953); affd. 218 F.2d 687 (3d Cir. 1955); Taylor v. Commissioner, 2 T.C. 267, (1943), affd. sub. nom. Miller v. Commissioner, 144 F.2d 287 (4th Cir. (1944). We continue to adhere to the views expressed in the prior cases. We reject petitioner's contentions that exclusion of his LACERA contributions from his gross income should be allowed because "it is unfair to pay taxes on money the taxpayer might receive 20 or 30 years from now" and inclusion of them would "violate the Due Process and Equal Protection clauses of the U.S. Constitution". They are without merit. In Hays Corp. v. Commissioner, 40 T.C. 436, 442-443 (1963), affd. 331 F.2d 422 (7th Cir.), cert. denied 379 U.S. 842 (1964), we stated: Petitioner argues that such a result would be inequitable as to it. Such an argument *40 cannot be considered by us, however, as we do not have the jurisdiction of a court of equity. Commissioner v. Gooch Co., 320 U.S. 418 (1943); Lorain Avenue Clinic, 31 T.C. 141 (1958). 'The Internal Revenue Code, not general equitable principles, is the main spring of [our] jurisdiction.' Commissioner v. Gooch Co., supra at 422. The proper place for a consideration of petitioner's complaint is the halls of Congress, not here. In Guest v. Commissioner, 72 T.C. No. 67 (August 3, 1979), we concluded that section 219(b)(2) which disallows a deduction for a contribution to an individual retirement account (IRA) by an active participant in a qualified retirement plan does not violate the Due Process and Equal Protection Clauses of the Fifth Amendment to the Constitution. The reasoning therein applies equally to petitioner's situation in this case. Accordingly, we hold that the petitioner is not entitled to deduct amounts withheld from his salary for contributions to LACERA. Issue 2: Claimed Buisness Expenses
A. Spanish Lessons
Petitioner worked with Spanish speaking people in his position as a *41 Deputy District Attorney for Los Angeles. He took Spanish instruction to be able to interview witnesses and victims in criminal cases. Because so many Spanish speaking residents of Los Angeles are unfamiliar with the American legal system, petitioner testified that it aids the legal process if a Deputy District Attorney can speak to them in Spanish. Section 1.162-5(a)(1), Income Tax Regs; permits the deduction of education of educational expenses if the education "[maintains] or improves skills required by the individual in his employment or other trade or business…." We think petitioner's uncontradicted testimony has demonstrated a proximate relationship between the foreign language education and the job skills required in his employment. Therefore, he is entitled to deduct the expenses of his Spanish lessons. B. Expenses for Clothes
Petitioner, as a Deputy District Attorney who appeared in court every day, had a wardrobe of business suits. He testified that since he planned to leave government service and enter private law practice, he believed that any future partners or employers would expect him to upgrade his sartorial standard as he became, in his words, *42 a "big time Beverly Hills P.I. [Personal Injury] attorney." Acting on this assumption, the petitioner purchased attire that cost more than he customarily would have paid. Section 262 prohibits any deduction for personal, living or family expenses. It is well settled that clothes, such as uniforms, which are required for employment and which are not suitable for general or personal wear, qualify as business expenses under section 162. See, e.g., Mortrud v. Commissioner,44 T.C. 208 (1965); Yeomans v. Commissioner,30 T.C. 757 (1958). We think the expensive business suits bought by petitioner were suitable for general or personal wear. Accordingly, we conclude on this record that respondent correctly disallowed the claimed deduction as a personal expense. Kennedy v. Commissikoner,451 F.2d 1023 (3d Cir. 1971) affg. per curiam a Memorandum Opinion of this Court. C. Tape Recorders and Accessories
Petitioner used a cassette tape recorder in interviewing witnesses and victims. Replaying the tapes refreshed his memory when there was a long delay between the date of the interviews and the time of trial. Moreover, if the *43 case was transferred to another Deputy District Attorney, the newly assigned attorney could familiarize himself or herself with the recorded testimony without reinterviewing the victim or witness. In addition, petitioner tape recorded various legal seminars. He had a cassette tape recorder installed in his car. Listening to the cassettes while driving to and from work proved an efficient way of reviewing the information given at the legal seminars. Petitioner also purchased various accessories and tapes to add to the convenience and effectiveness of the tape recorders. He did not use the tape recorders for personal music listening, nor did any member of his family. In our opinion the expenditures for the tape recorders and accessories were necessary in carrying on the petitioner's business as Deputy District Attorney. However, such equipment is of a capital nature and its cost should have been capitalized rather than expensed in the year purchased. Generally, a taxpayer may not deduct in one taxable year amounts paid for the acquisition of assets having a more or less permanent value, i.e, more than one year. See section 263. Such expenditures must be capitalized and recovered *44 through depreciation allowances over the life of the asset if the asset is depreciable. These tape recorders have a useful life of more then one year and are depreciable. The amount of the depreciation deduction for the tape recorders and accessories can be determined by the parties in connection with their computations for the entry of decision.
To reflect the concessions of the parties and our conclusions on the disputed issues, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the years at issue, unless otherwise indicated.↩