Arthur Bernknopf and Dorothy Y. Bernknopf, Appellants *v.* Commonwealth of Pennsylvania, Department of Revenue, Appellee.

58

Argued December 8, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Arthur Bernknopf*, for appellants.

*Robert Patrick Coyne*, Deputy Attorney General, for appellee.

OPINION BY JUDGE MACPHAIL, February 23, 1981:

Arthur Bernknopf and Dorothy Y. Bernknopf, his wife (Appellants), have filed this appeal from an order of the Board of Finance and Revenue, dated February 26, 1975, which denied Appellants' request for a reassessment of taxes for the year 1972.

Appellants received a Notice of Assessment from the Pennsylvania Department of Revenue (Department) for the amount of $39.21. This amount due resulted from the Department's opinion that the amount of $1,989.54, which had been excluded from gross income by the Appellants, should have been included and taxed. Appellants filed an appeal to the Board of Reassessment, which upheld the Department's action. The Appellants filed a further appeal to the Board of Finance and Revenue: again the Department's action was affirmed. Appellants now petition this Court to reverse the order of the Board

of Finance and Revenue, grant a reassessment of their 1972 personal income tax, and order a refund of the additional taxes, which Appellants paid subsequent to the hearing before the Board of Reassessment.

The parties were unable to enter into a stipulation of facts in this case, therefore, an evidentiary hearing was conducted by this Court. We now make the following findings of fact:

### FINDINGS OF FACT

1. Appellants are cash basis taxpayers and filed a 1972 Pennsylvania Income Tax Return (PA 40) indicating compensation in the amount of $26,432.00. The W-2 form submitted by Appellants indicated gross wages of $28,422.40; this is approximately $1,989.54 more than the PA 40 reflects. (Rounded off to the nearest dollar).

2. Mr. Bernknopf is an administrative law judge assigned to the Social Security Administration. As a federal employee, Mr. Bernknopf participates in the United States Civil Service Commission Retirement and Disability Plan.

3. During 1972, 7% of Mr. Bernknopf's gross earnings, $1,989.54, was withheld from his pay and placed in his retirement account.

4. Appellants deducted the $1,989.54 from the gross earnings of $28,422.40 and paid Pennsylvania income tax on $26,432.00.

5. The Department of Revenue adjusted the compensation of $26,432.00 by adding the $1,989.54 and issued a Notice of Assessment for the tax due of $35.81 plus $1.79 as penalty and $1.61 as interest. The total amount due was $39.21.

6. Appellants filed Petition for Reassessment with the Board of Reassessment, but were denied relief.

7. When the Board of Reassessment issued the Notice of Reassessment to Appellants, the penalty

60

and interest were inadvertently figured on a tax due of $39.21 instead of $35.81. This resulted in a total amount due of $43.86, which is the amount paid by Appellants.

## DISCUSSION

Appellants argue that the Board of Finance and Revenue erred in affirming the Department's decision to include monies withheld for a pension fund as part of Appellants' compensation for 1972 and in assessing excessive penalty and interest charges on the tax due. Further, Appellants seek review of an order of this Court that denied their motion to reschedule argument of this case in Pittsburgh.

## I

Appellants argue that their rights to due process and equal protection of the law were violated by this Court's order of October 14, 1980,[1] which denied a motion to reschedule argument in Pittsburgh, where Appellants reside. This is not a proper matter for us to decide in this appeal. Our review here is limited to the adjudication of the Board of Finance and Revenue. Pa. R.A.P. No. 1571(h). The propriety of our prior order can be raised in further appellate review by the Supreme Court of Pennsylvania.

## II

Appellants argue that the amount of the retirement contribution was not income within the meaning of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, added by Section 4 of the Act of Au-

---

[1] When Appellants were advised that this case was listed for argument in Harrisburg, they petitioned to have it moved to Pittsburgh, their place of residence. The petition was opposed by the Department of Revenue and was subsequently denied by Judge MENCER who was acting as duty judge at the time.

gust 31, 1971, P.L. 362, *as amended,* 72 P.S. §7301 *et seq.* Appellants offer no authority that supports this contention.

Section 303 of the Code defines compensation as follows:

> All salaries, wages, commissions, bonuses and incentive payments whether based on profits or otherwise, fees, tips, and similar remuneration received for services rendered whether directly or through an agent and whether in cash or in property...

72 P.S. §7303(a)(1).

While no Pennsylvania court has ruled on the precise issue presented herein, the issue has been raised as to federal income tax and has been decided squarely against Appellants' contention.

The Pension plan in which Mr. Bernknopf participates is provided by 5 U.S.C. §§8101-8348. Participants in the plan are deemed to consent and agree to the deductions from their basic pay for the plan. 5 U.S.C. §8334.

In a case presenting similar facts to the instant case, but involving the federal income tax, the court, referring to the taxpayer, stated as follows:

> When he was employed as a civil service employee he accepted such employment subject to all the conditions and provisions of law relating to civil service employees, one of which is that he shall be deemed to consent and agree that 3 1/2 per centum of his salary shall be deducted and be used to purchase retirement benefits granted by the Act. . . . The effect of his agreement is the same as if he had received his entire salary in cash, and then sent 3 1/2 per centum thereof to the Civil Service Commission for the purchase of the annuity provided by law.

Miller v. Commission of Internal Revenue, 144 F.2d 287 (4th Cir. 1944).

This statement applies with equal force to Mr. Bernknopf except that the percentage is now 7 rather than 3 1/2.

The holding of Miller was approved in Hogan v. United States, 513 F.2d 170 (6th Cir. 1975), cert. denied, 423 U.S. 836. In Hogan, the court rejected a federal employee's contention that contributions to the retirement plan were employer contributions not taxable until received. The court held that participation in the retirement plan is a mandatory condition of employment and that Congress intends employees contributions to be includable in gross income. Id.

Based on the reasoning of Miller and Hogan, we hold that the 7% withheld from Mr. Bernknopf's salary as contribution to the retirement plan was compensation within the meaning of Section 303 of the Code.

Further, even absent the helpful analogy to the federal definition of income, this Court would conclude that Appellants received economic benefits from the 7% withheld equal to the amount thereof. This benefit is received in lieu of the cash amount of the contribution withheld and consists of participation in the plan. Further, as the court noted in Hogan, participants in the plan receive the benefit of sums contributed by the federal government; the employee contributions to the plan are returnable in the event that an employee leaves the service before becoming eligible for retirement; and the rights under the plan are guaranteed by statute. Id. at 174.

Appellants argue that they receive no present economic benefit from the money withheld and will receive no such benefit until the funds are paid out.

The case Appellants cite to support their argument deals with a *statutory exception* from estate tax, *Estate of Rankin*, 487 Pa. 70, 408 A.2d 1358 (1979), and has no relevance herein. Appellants have not presented any reason for treating the contribution differently under the Code than under the federal law. We must reject the Appellants' contention that only cash-in-hand gives present economic benefit.

### III

Appellants argue that the amount of additional tax paid by them was excessive. The Department admits and explains the error as follows: the Notice of Reassessment sought $39.21 from Appellants (tax of $35.81, $1.79 penalty and $1.61 interest). When the Board of Reassessment ruled against Appellants a Notice of Reassessment was prepared. The figure of $39.21 was inadvertently used as the tax due instead of $35.81. As a result, Appellants paid $43.86, but were liable for $40.46. Accordingly, a refund of $3.40 is due Appellants.

Appellants argue that the accelerated penalties are routinely assessed by the Department to discourage taxpayer appeals. Absolutely no evidence was introduced to support this contention.

### Conclusions of Law

1. The amount of $1,989.54 withheld from Mr. Bernknopf's salary was compensation within the meaning of Section 303 of the Code.

2. Appellants received economic benefit from the 7% withheld from Mr. Bernknopf's salary and deposited in his retirement account equal to the amount withheld, or $1,989.54.

3. The assessment by the Department of Revenue of tax due from the Appellants in the sum of $39.21 was correct.

64

AND Now, this 23rd day of February, 1981, the order of the Board of Finance and Revenue is hereby affirmed with the exception that the Department of Revenue is directed to pay to Arthur Bernknopf and Dorothy Bernknopf a refund in the amount of $3.40.