Carl & Ruth **BRIGGS** and Raymond J. Hurbi, Petitioners-Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE,** Respondent-Appellee.

No. 81–7094.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 1982.

Decided Dec. 10, 1982.

F.A. LeSourd, LeSourd, Patten, Fleming, Hartung & Emory, Seattle, Wash., for petitioners-appellants.

David I. Pincus, Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before KENNEDY, FARRIS and NORRIS, Circuit Judges.

NORRIS, Circuit Judge:

■ Briggs and Hurbi (taxpayers) appeal from a judgment of the United States Tax Court, 75 T.C. 465, that union dues paid by the taxpayers and allocated for construction of recreation centers and distribution to a building fund were not deductible under I.R.C. § 162(a) (1976). We affirm.

Compulsory dues providing personal benefits to union members are non-deductible, see Rev.Rul. 78–128, 1978–1 C.B. 39, and the determination of personal and business expenses turns on the purpose of the payments, see Rev.Rul. 81–192, 1981–31 C.B. 50. Thus, the payments in dispute are not deductible because they were distributed into a fund intended to benefit union members personally. An individual union member's inability or unwillingness to take advantage of the benefits does not change the fact that the dues are used to provide personal benefits for union members.

Taxpayers rely in part on Revenue Ruling 54–190, 1954–1 C.B. 46 for their contention that, because the dues allocated for the construction of the recreation centers are compulsory union assessments resulting in no actual or vested personal benefit to them individually, the dues are deductible as ordinary and necessary business expenses. That ruling, however, involves the deducti-bility of contributions to private pension plans, which have been given special tax treatment, *Kosmal v. Commissioner,* 670 F.2d 842 (9th Cir.1982); *Hogan v. United States,* 513 F.2d 170, 175 (6th Cir.1975), and is not relevant here. *Compare* Rev.Rul. 54–190, *supra, with* Rev.Rul. 72–463, 1972–2 C.B. 93 (portion of compulsory union dues used to provide death benefits were non-deductible personal expenses).

■ We also find no merit in appellants' contentions that the recreation center dues are deductible because a union will not lose its tax exempt status by providing recreation. The deductibility of a union member's dues has never been determined by the status of the union under I.R.C. § 501(c)(5) (1976).

■ With respect to the deductibility of building fund dues, taxpayers argue that redeemability of the building certificates issued in exchange for dues paid was so contingent that the certificates had no ascertainable fair market value and, therefore, were not investments. As the Tax Court was not clearly erroneous in finding that the certificates had value [E.R. at 45], the taxpayers cannot deduct the building fund dues.[1] *See Parkside, Inc. v. Commissioner,* 571 F.2d 1092, 1094–95 (9th Cir. 1977).

AFFIRMED.

---

1. We need not decide if taxpayers may deduct the amount, if any, by which the dues paid exceed the certificates' value as taxpayers failed to raise this issue.