LONNY F. ZWIENER and ARDITH E. ZWIENER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zwiener v. Commissioner
Docket No. 5186-82.
United States Tax Court
T.C. Memo 1983-659; 1983 Tax Ct. Memo LEXIS 127; 47 T.C.M. (CCH) 213; 4 Employee Benefits Cas. (BNA) 2466; T.C.M. (RIA) 83659; October 31, 1983. Lonny F. Zwiener, pro se. Thomas G. Norman, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: Respondent determined deficiencies in petitioners' income taxes of $1,422.66 for 1978 and $1,942.07 for 1979. The issue for determination is whether amounts paid by petitioners to a state retirement plan and to the Federal social security system are excludable or deductible from income. The parties submitted this case pursuant to Rule 122, Tax Court Rules of Practice and Procedure, and the stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners Lonny F. Zwiener (petitioner) and Ardith E. Zwiener were married during the *129 years in issue. They timely filed joint Federal income tax peturns for those years with the Internal Revenue Service in Austin, Texas. Petitioners resided in Austin, Texas, when they filed their petition herein. Mr. Zwiener worked for the Texas Attorney General's office in 1978 and 1979, and he received gross wages of $33,333.28 and $35,938.57, respectively, from that employment. He was also paid $800 in each of the years by St. Edward's University. Mrs. Zwiener received wages of $10,790.52 in 1978 and $11,658.56 in 1979 from her employment with the U.S. Department of Treasury. As a Federal employee, she made mandatory contributions from her salary into a Federal employees' retirement plan. Texas law in effect in 1978 and 1979 established a retirement system for state employees consisting of a compulsory nonforfeitable plan into which petitioner, as a state employee, was required to contribute amounts from his gross wages. Tex. Rev. Stat. Ann. art. 6228a (Vernon 1970). Petitioner could receive a refund of his contribution upon termination of employment for reasons other than death or retirment. Petitioner's contributions were effected through withholding by his employer. *130 Petitioner was also required by Federal law to make contributions into the social security system. These contributions were exacted by a tax levied on petitioner's gross wages under section 3101. [1] Petitioner's employers were required by section 3102 to withhold petitioner's contributions from his salary. In addition, section 3111 imposed upon employers a compulsory contribution into the social security system in the form of a tax levied with respect to wages paid by them to employees. Amounts were withheld from petitioner's wages by his employers as petitioner's compulsory contributions to the Employees Retirement System of Texas (the state plan) and the Federal Insurance Contributions Act plan (F.I.C.A. or social security) in the following amounts: St. Edwards
Attorney General's Office
University
Year
State System
F.I.C.A.
F.I.C.A.
1978
$2,000.00
$1,070.85
$48.40
1979
2,098.40
1,403.77
49.04
(The amounts withheld from Mrs. Zweiner's wages are not in issue.) *131 On their 1978 and 1979 returns, petitioners claimed deductions from gross income in amounts equal to the amounts withheld from Mr. Zwiener's wages for contributions to the state retirement plan and social security. In addition, petitioners further adjusted their 1979 gross income by deducting $965.25, which amount they claimed was contributed to social security by the State of Texas on behalf of petitioner and added to his gross wages. Respondent determined that these amounts were not in any manner excludable or deductible from petitioners' taxable income and disallowed the adjustments. Petitioner argues on brief that the amounts paid to the state plan from his salary and deducted by him are excludable from his gross income because the state plan is not a qualified plan under section 401(a), his contributions are comupulsory, and his retirement benefits are not vested. He claims that the amounts withheld from his salary and paid to social security and the additional amounts paid by his employer are excludable from gross income because the obligation to pay F.I.C.A. taxes is "built into" his employment; thus, he argues, the amounts withheld are not "wages" within the meaning of *132 section 3121(a) and should not be subject to income taxes. To impose an income tax on amounts not properly included in income, petitioner concludes, is unconstitutional under the Sixteenth Amendment to the United States Constitution. The Employees Retirement System of Texas is identical in all ways material herein to the state retirement plan considered in Feistman v. Commissioner,63 T.C. 129 (1974), appeal dismissed 587 F.2d 941 (9th Cir. 1978). The taxpayers in Feistman also contended that the amounts withheld from their wages and paid into their compulsory nonforfeitable retirement plans should be excluded from their wages reportable as gross income. We held to the contrary and stated: The retirement systems involved are comparable in all significant respects to the retirement system applicable to Federal employees, and it has been established for many years that amounts withheld from salary and contributed to the applicable system are includable in the employee's currently reportable gross income. This has been reflected not only in rulings and practice of long standing [citations omitted], but also in judicial decisions in accord with *133 such practice [citations omitted]. The situation is one that peculiarly calls for the application of the principle of stare decisis. Cf. Helvering v. Hallock,309 U.S. 106, 119 [1940]. The rights and obligations of millions of employees, both Federal and State, have been determined upon the basis of the foregoing practice and decisions; it is too late now to reargue the point. [Fn. ref. omitted; Freistman v. Commissioner,supra at 133.] Petitioner has put forth no reasonable argument for deviating from the decision reached in Feistman v. Commissioner,supra, and we decline to do so. Petitioner received a valuable present economic benefit, vis, the various rights and benefits under the plan, in exchange for his contribution, and the amounts are properly includable in income. See Mayo v. United States, an unreported case ( S.D.Tex. 1982, 82-2 USTC par. 9457), in which the district court examined a similar retirement plan for municipal employees established under Texas law. See also Megibow v. Commissioner,21 T.C. 197 (1953), affd. 218 F.2d 687 (3d Cir. 1955). "[I]t is unnecessary *134 to decide whether petitioner is correct in his primary contention that the * * * [plan is not] a qualified plan under section 401(a). If we assume, arguendo, that petitioner is correct in this position, it does not follow that the amounts withheld from his salary in the years here in issue are not includable in his taxable income." Cohen v. Commissioner,63 T.C. 267, 280 (1974), affd. 543 F.2d 725 (9th Cir. 1976). Respondent's determination that petitioner's contributions to the state plan comprise part of petitioner's taxable income is correct. See also Hogan v. United States,513 F.2d 170 (6th Cir. 1975) (involving Federal employees); Kosmal v. Commissioner,670 F.2d 842 (9th Cir. 1982), affg. a Memorandum Opinion of this Court (involving municipal employees). Petitioner also claims on brief that the amounts withheld for social security taxes are not "wages" within the definition provided in section 3121 and are excludable from gross income. Petitioner's position is unsupported and unsupportable. The term "wages" is defined in section 3121(a) as "all remuneration for employment," subject to certain exceptions *135 not applicable herein. Petitioner admitted that he received $34,133.28 in 1978 and $36,738.57 in 1979 from employers as compensation for services. Those amounts, therefore, must be reported as gross income. Moreover, the Code expressly prohibits a taxpayer from deducting from taxable income amounts withheld as social security taxes. Section 275(a)(1)(A). Petitioner did not produce any evidence supporting his claim that amounts paid by his employer to social security were added to his gross income so we need not consider the possible tax implications of such action, if it occurred. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩