Eugene G. & Lorraine B. FEISTMAN, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 76–1058.

United States Court of Appeals, Ninth Circuit.

Dec. 13, 1978.

Eugene G. & Lorraine B. Feistman pro se.

Gilbert E. Andrews, Atty., Washington, D. C., for respondent-appellee.

Before WALLACE and ANDERSON, Circuit Judges, and INGRAM,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

The instant appeal presents a threshold jurisdictional question. Inasmuch as we

* The Honorable William A. Ingram, United States District Judge for the Northern District of California, sitting by designation.

conclude appellants did not file a timely notice of appeal from the Tax Court's adverse judgment, we do not reach the merits of appellants' claim and dismiss their appeal.

## I. FACTS

The Commissioner, appellee herein, asserted deficiencies against taxpayers for the years 1968–1971. Several issues were resolved through negotiations between the parties; the remaining issues were tried before the Tax Court. In an opinion filed November 12, 1974, the Tax Court held that a deficiency did exist, but withheld entry of judgment until the parties submitted computations as to the amount of the deficiency. Rule 155, Rules of Practice and Procedure, U. S. Tax Court.

On February 19, 1975, the Commissioner submitted computations. On February 26 taxpayers were notified that their response was due by March 21 and that a hearing would be held March 26. Taxpayers responded on March 10. Their response offered no alternative computations; instead, taxpayers sought to relitigate the substantive issues. In their response, taxpayers requested that the record be transmitted to this court after the March 26 hearing. We refer to this as taxpayers' first notice of appeal.

On March 27, 1975, the Tax Court entered decision in favor of the Commissioner. In a letter accompanying transmission of the decision to taxpayers, the Clerk of the Court informed taxpayers: (1) that their request for transmission of the record (first notice of appeal) was premature, (2) that a notice of appeal cannot be filed until a decision has been entered, and (3) that to obtain review, notice of appeal must be filed within 90 days.

Taxpayers did nothing until November 7, 1975, when they filed with the Tax Court a "Petition to Waive or Set Aside the Statute

of Limitations for the Purpose of Appeal to the Ninth Circuit Court." Taxpayers' petition alleged that they expected further notice from the Clerk's office regarding their appeal rights.

In an Order dated November 12, 1975, the Tax Court denied the Petition, noting that the time for filing notice of appeal is jurisdictional. Taxpayers then promptly filed notice of appeal from this Order.

The jurisdictional question poses two issues. We discuss each issue separately.

## II. WAS THE FIRST NOTICE OF APPEAL EFFECTIVE?

We treat taxpayers' request to transmit the record to this court as a notice of appeal: taxpayers are proceeding *pro se*, and their request clearly evinced an intent to appeal. Under such circumstances, we construe an appellant's filing liberally.

■ Nonetheless, this first notice of appeal was premature. Notice of appeal must be filed "within 90 days after the decision of the Tax Court is entered." Rule 13(a), Fed.R.App.Pro., 28 U.S.C.A. The Tax Court did not file its decision until March 27, 1975.[1]

■ Failure to file a timely notice of appeal is jurisdictional. *See United States v. Molitor*, 337 F.2d 917, 920 (9th Cir. 1964). As the government concedes, however, premature notices of appeal have sometimes been given effect in both criminal and civil cases to avoid injustice. *E. g., Lemke v. United States*, 346 U.S. 325, 74 S.Ct. 1, 98 L.Ed. 3 (1953). The government contends that the premature notice should not be given effect here because: (1) taxpayers were notified of the time limits, and (2) the power to recognize premature notices of appeal does not extend to Tax Court cases. *Compare* Rule 4 *with* Rule 13, Fed.R.App. Pro. Because we find merit in the govern-

---

1. For three reasons, we cannot construe this notice as an effective appeal from the decision of November 12, 1974: (1) that decision was preliminary and covered liability only; (2) taxpayers filed the notice more than 90 days after

that decision was filed; and (3) the notice contemplated appealing the court's final decision which, the notice anticipated, would be filed after the pending hearing on computations.

ment's first contention, we do not reach the second contention.

This court has said that recognition of premature notices of appeals is within the court's discretion. *Curtis Gallery & Library, Inc. v. United States*, 388 F.2d 358 (9th Cir. 1967). That is, even if the power exists in this case, we shall not exercise our discretion unless equity dictates we should.

Taxpayers' allegations that they were misled are unconvincing. The Clerk's letter informed taxpayers at a meaningful time that: (1) their request was deficient, and (2) another request (notice of appeal) had to be filed within 90 days. The letter was clear, and taxpayers have offered neither facts nor reasons to support their allegation that further notice was expected.[2] We see no reason to relieve taxpayers from their unexplained failure to heed the Clerk's explicit instructions.

## III. DID THE TAX COURT HAVE JURISDICTION TO GRANT TAXPAYERS' PETITION?

The substance of taxpayers' Petition to the Tax Court raises the same equitable issue though in a different procedural and remedial context: Should taxpayers be allowed to perfect an appeal from the Tax Court's judgment of March 27, 1975, despite the running of the prescribed time period? When the issue was presented to the Tax Court, it denied the petition on jurisdictional grounds. The Tax Court correctly concluded that jurisdiction was lacking.

When the Tax Court was an administrative agency, it was without the ancillary equitable powers ordinarily exercised by a true court. For example, the Tax Court could not grant a motion, filed after the time for appeal had run, and vacate its own decision. *Lasky v. Commissioner of Internal Revenue*, 235 F.2d 97 (9th Cir. 1956), *aff'd mem.*, 352 U.S. 1027, 77 S.Ct. 594, 1 L.Ed.2d 598 (1957).

The Tax Court's jurisdiction to grant equitable relief is still strictly limited, though it is now a court. 26 U.S.C. § 7441.

Jurisdiction "exists only to the extent specifically enumerated by statute" and does not include the power "to decide equitable questions." *Morse v. United States*, 494 F.2d 876, 879 (9th Cir. 1976). One exception has been recognized by this circuit:

"Under these circumstances, we hold that the Tax Court can, after its decision becomes final, set it aside on the narrow ground of fraud on the court . . . .."

*Toscano v. Commissioner of Internal Revenue*, 441 F.2d 930 (9th Cir. 1971). Taxpayers' allegations do not fall within the narrow exception for fraud on the court. On its face, the Petition is insufficient: it shows only that taxpayers placed an unrealistic and unreasonable interpretation on the Clerk's letter, not that a fraud was perpetrated by anyone. As the Tax Court recognized, it is without power to grant relief when there is no basis for inferring fraud.

The appeal is therefore DISMISSED.

---

**2.** If taxpayers did expect further notice, their expectation was unreasonable.