THOMAS L. and OCIE BOROM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Borom v. Commissioner
Docket No. 2093-79.
United States Tax Court
T.C. Memo 1980-459; 1980 Tax Ct. Memo LEXIS 123; 41 T.C.M. (CCH) 179; T.C.M. (RIA) 80459; October 14, 1980, Filed *123 In 1976, petitioner was a state district court judge in Alabama. He maintained memberships in a local country club and in the officers club of a military installation located within his jurisdiction. As a judge, petitioner was provided an office, available at all hours, and a staff, the salaries of which were paid by the county. Nevertheless, petitioner made gifts to his staff for various occasions in appreciation of their service. Petitioner owned three vehicles in 1976, one used by petitioner's wife personally and the other two used by petitioner in his position as judge, to oversee certain farm properties, as well as for commuting and other personal trips. Upon his appointment as a judge, petitioner closed his law practice, storing his furniture and records in an addition to his carport. Petitioner also "intermittently" used this addition in managing his farm properties. Finally, in 1976, petitioner made various charitable donations, some by check and some in cash in response to public solicitations by various organizations. Held, deduction for club dues denied as not primarily for business purposes under section 274(a), I.R.C. 1954; heldfurther, deductible amount for gifts *124 to fellow-employees determined under the limits of section 274(b) and (d), I.R.C. 1954; heldfurther, deductible automobile expense determined; heldfurther, deduction for "office in the home" denied under section 280A, I.R.C. 1954; heldfurther, deductible charitable contributions determined. Sidney H. Walker, for the petitioners. Barry Bledsoe, for the respondent. BRUCE MEMORANDUM FINDINGS OF FACT AND OPINION BRUCE, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1976 in the amount of $965.56 as set forth in his statutory notice of deficiency dated February 9, 1979. The issues presented for our decision are (1) whether petitioner-husband is entitled to certain claimed business expense deductions for club dues, gifts to administrative employees, and the expense of operating two automobiles in connection with his position as an Alabama district court judge and in managing certain rental properties; (2) whether petitioner-husband is entitled to a deduction for the expenses of an office in the home in connection with the activities mentioned above; and (3) whether petitioners are entitled to a charitable contribution deduction in excess of *125 the amount allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, and the exhibits attached thereto, are incorporated herein by this reference. Petitioners, Thomas L. and Ocie Borom, resided at Ozark, Alabama, during the year in question and when the petitioner herein was filed. They timely filed a joint Federal income tax return for the taxable year 1976 with the Internal Revenue Service Center, Chamblee, Georgia. Since Ocie is a party to this proceeding only by virtue of having filed a joint return with Thomas, we will hereafter refer to Thomas as petitioner. In 1973, petitioner was appointed as an Inferior Court Judge in Dale County, Alabama. The position was changed in 1975 to that of a state District Court Judge, which was the position held by petitioner during 1976. Petitioner's salary as a judge was paid by Dale County, as were the salaries of those who assisted petitioner in his work. As a judge, petitioner handled various types of legal proceedings, including felony preliminaries, guilty pleas, misdemeanor cases and domestic relations cases, but he was most proud of his extensive involvement in juvenile *126 cases. His territorial jurisdiction of Dale County included Fort Rucker, a large military installation (Fort). Upon retiring as a judge advocate army officer in 1954, petitioner began a private law practice in Dale County, a large part of his business coming from his contacts with the military at the Fort. After his appointment as a judge, petitioner continued his contacts with the military, maintaining his membership at the Officers Open Mess Club at the Fort (Officers Club). With such contacts, petitioner could informally cross jurisdictional barriers between the county and the Fort to more quickly and efficiently deal with cases arising within the Fort. While petitioner's membership in the Officers Club was used to maintain these contacts with the Fort, as well as to meet with various other business contacts over lunch, the Officers Club was also used by the petitioner and his wife, alone or with guests, for an occasional personal meal. The ratio of business and personal use of the Officers Club was not shown. During 1976, petitioner also maintained a membership in the Ozark Country Club (Country Club), which he would visit once or twice a week. His visits were usually spent *127 talking with friends, both business and personal, or playing dominoes. Occasionally, petitioner participated in social events at the Cuntry Club, such as the annual Christmas party. As with the Officers Club, the ratio of personal and business use of the Country Club was not shown. Dale County did not require petitioner to be a member of either club. Respondent disallowed in full the petitioner's claimed deductions for membership dues in the Officers Club and Country Club in the amounts of $132.00 and $160.00, respectively. An office and a staff were provided petitioner by Dale County in the county courthouse, approximately one mile from his home. From the office, which was available to petitioner beyond regular business hours, petitioner conducted his business as a judge and and frequently worked late. To assist petitioner in his duties in 1976, the county provided certain other county employees, including three secretaries, who probation officers and some custodial help which cleaned the offices and ran various errands for petitioner. To show his appreciation for their assistance, petitioner gave these county employees various gifts and flowers and claimed business deductions *128 for the cost of those gifts in the amount of $691.33, all but $110.00 of which was disallowed by respondent. Petitioner owns several separate tracts of farm land at various locations in Dale County. Although some of the tracts had houses on them, petitioner admitted that the houses were not in good condition and that he rented them at nominal rates in an effort to provide tenants which might discourage vandalism of the houses. Petitioner reported no farm income in 1976 and reported gross rentals of $480.00 for that year. Petitioner owned three vehicles in 1976. One was used exclusively by Ocie, the other two, a car and a truck, were used by petitioner. The truck was in service most often, being used by petitioner to commute to the courthouse, to drive to and from the Fort, to oversee his farm property and to run personal errands. Petitioner used the automobile for out-of-town meetings and for occasional personal or business trips on which his wife would accompany him.The exact ratio of business and personal mileage was not shown. However, petitioner's entire local operating expense for his two vehicles was incurred at one service station on an open account. To that account *129 balance for 1976, petitioner added the amount of his insurance premium and depreciation for 1976. He claimed the resulting sum, in full, as a business deduction, claiming that one hundred percent of the vehicles' service was either in his position as a judge or in relation to his farm property. Respondent only allowed seventy-five percent of a smaller sum as shown below: Claimed
Allowed
Gal, oil, minor repairs
$ 414.92
$ 414.92
Repairs
335.36
163.37
Insurance
160.00
Tires
83.46
Depreciation on truck
593.25
593.25
Depreciation on car
1,025.00
1,025.00
Total claimed
$2,528.53
$2,280.00
X 75 percent
$1,710.00
Respondent allowed certain travel expense deductions in excess of those claimed by petitioner for his out-of-town trips to business conferences and other meetings in 1976. The contested deduction here is only for the local use of the two vehicles in question. Prior to his appointment as a judge, while still in private practice, petitioner had an addition built to his carport as an additional office to receive clients after regular office hours and to house certain files, records and books from his primary office in Ozark. Upon his appointment as a judge, petitioner closed his law office and used *130 the carport addition to store the furniture, files and records from that office. Petitioner contends that the addition was, prior to 1976, and will be again after his term as judge expires, an office of petitioner's law practice and was being preserved as such in 1976. Further, petitioner contends that the addition "intermittently" served as petitioner's office in relation to his winding down his business in "rental properties." Respondent disallowed, in full, petitioner's claimed deduction of $930.00 in 1976 for the carport addition operating expenses and depreciation as a business office. Finally, in 1976, petitioner claimed $1,954.85 in charitable contribution deductions, $1,704.85 as donations by check and $250.00 as out-of-pocket donations solicited in public by various charitable organizations. Respondent allowed, as supported by cancelled check or oral testimony, the following amounts: Supported by Check
First United Methodist Church
$ 795.00
YMU Circle III
125.00
American Bible Society
36.00
Beulah Baptist YMU
25.00
Southside Baptist Church
150.00
Boy Scouts of America
100.00
Pinckard Volunteer Fire Department
14.00
Lukemia Drive
10.00
Ozark First Methodist Church
50.00
Dale County Council Arts and Humanities
100.00
Enterprise Junior College
15.00
Billy Graham
100.00
Liberty Baptist College
100.00
United Methodist Children's Home
10.00
$1,630.00
Supported by Oral Testimony to IRS
Flowers for Church, Sept. 29, 1976
17.83
Monkey Offering, Sept. 20, 1976
3.95
Communion Donations
10.00
Sunday School
45.00
Sunday School Special Collections
50.00
Church of Taxpayers' Cook
25.00
Gospel Group
25.00
176.78
Total
$1,806.78
*131 The balance of $148.07 was disallowed as not substantiated. OPINION Petitioner claims certain business expense deductions and charitable contribution deductions in excess of those amounts determined allowable by respondent, and seeks other business deductions disallowed in full by respondent. [1] Deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). To take advantage of that grace, petitioner must qualify under certain rules and regulations imposed either directly or indirectly by Congress. Cf. Deputy v duPont,308 U.S. 488 (1940). The notice of deficiency by which the respondent determined that petitioner was not entitled to certain deductions, is presumed correct. To show otherwise, petitioner has the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
In prior cases, too numerous to list here, *132 upon finding the taxpayer to be candid and forthright, we have chosen to approximate a figure for an allowable deduction if reasonable evidence is presented, while bearing heavily upon the petitioner whose inexactitude is of his own making. Cohan v. Commissioner,39 F. 2d 540 (C.A. 2, 1930). The Cohan rule is not applicable always, however. For instance, use of Cohan has been specifically eliminated in the case of certain business deductions under section 162 [2] and income production deductions under section 212 and replaced by the strict substantiation requirements of section 274, specifically section 274(d).[3] *133 *134 *135 *136 H. Rept. No. 1447, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 405, 427; S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 707, 741; Sanford v. Commissioner,50 T.C. 823 (1968), affd. per curiam 412 F. 2d 201 (C.A. 2, 1969), certiorari denied 396 U.S. 841 (1969). Further, no deduction will be allowed, despite Cohan, if petitioner has failed to present proof upon which even a reasonable estimate may be based. Petitioner's attempt to prove the contested deductions consisted of his own self-serving testimony of general statements and a copy of his 1976 income tax return. Such a limited offering is deficient at best. Mears v. Commissioner,386 F. 2d 450 (C.A. 5, 1967), affirming per curiam a Memorandum Opinion of this Court; [4]Halle v. Commissioner,7 T.C. 245, 247 (1946), affd. 175 F. 2d 500 (C.A. 2, 1949), certiorari denied 338 U.S. 949 (1950). Nevertheless, we found petitioner to be a credible witness and, when possible, Cohan will be applied. Business Expense Deductions
Petitioner claimed a business expense deduction under section *137 162 for club dues for membership in Officers Club and Country Club. Such clubs are entertainment facilities under section 274(a)(1)(B). Section 1.274-2(e)(3)(ii), Income Tax Regs; Worthy v. Commissioner,62 T.C. 303, 314 (1974). Therefore, application of Cohan is barred and substantiation of the deduction of club dues is governed by section 1.274-2(e)(4)(i), Income Tax Regs. , which provides, in part: A facility used in connection with entertainment shall be considered as used primarily for the furtherance of the taxpayer's trade or business only if it is established that the primary use of the facility during the taxable year was for purposes considered ordinary and necessary within the meaning of sections 162 and 212 and the regulations thereunder. All of the facts and circumstances of each case shall be considered in determining the primary use of a facility. Generally, it is the actual use of the facility which establishes the deductibility of expenditures with respect to the facility; not its availability for use and not the taxpayer's principal purpose in acquiring the facility. Objective rather than subjective standards will be determinative. * * * To prove that petitioner's *138 memberships in the clubs were primarily for business purposes, certain records of business and personal use of the clubs must be maintained. Section 1.274-5(c)(6)(iii), Income Tax Regs.; see also section 1.274-2(e)(4)(iii), supra. Petitioner has not presented any such records. Although petitioner's testimony was credible, it does not suffice.Even an attempt to qualify a portion of the dues under the limited exception of "business meals" fails under the weight of section 274(d). See, section 274(e)(1); sections 1.274-2(c)(6) and 1.274-2(f)(2)(i), Income Tax Regs. Thus, even if we were convinced that, on occasion, petitioner used the clubs for business purposes, his failure to document properly his various meetings at the clubs in order to establish clearly the relative proportions of his business and personal use of the clubs leads us to find his use of the clubs as primarily personal and to deny him a deduction for the club dues. Section 274(a)(1)(B); sections 1.274-2(e)(4)(i) and 1.274-5(c)(6)(iii), Income Tax Regs.; Worthy v. Commissioner,supra;Coors v. Commissioner,60 T.C. 368, 407-409 (1973), affirmed on other issues 519 F. 2d 1280 (C.A. 10, 1975), certiorari denied 423 U.S. 1087 (1975).
Petitioner *139 confronts a similar substantiation problem in attempting to deduct certain amounts for gifts as business expenses. Section 274(b)(1) limits the annual deduction for qualifying gifts to $25.00 per recipient. However, this limitation applies only after the strict substantiation requirements of section 274(d) are satisfied. Sections 1.274-5(a)(3), 1.274-5(b)(5), and 1.274-5(c), Income Tax Regs.
Generously, respondent has allowed petitioner a deduction up to the $25.00 limit for four individuals and one of $10.00 for a fifth individual, a total of $100.00. Given the paucity of evidence presented by petitioner, we can not find petitioner to be entitled to a greater deduction than that allowed by respondent. Respondent's determination is sustained. A less demanding substantiation requirement exists for deducting automobile expenses for business purposes. Thus, petitioner's credible testimony is a base upon which a reasonable approximation under Cohan may be made. [5] Once again, however, respondent has been generous in his determination. We agree with respondent's application of 75 percent as that portion of use of petitioner's vehicles for business purposes. At least 25 percent of *140 the total sum of vehicle expense was used for commuting and other personal trips and, thus, not deductible. See, Commissioner v. Flowers,326 U.S. 465 (1946); Feistman v. Commissioner,63 T.C. 129 (1974), appeal dismissed 587 F. 2d 941 (C.A. 9, 1978). Office in the Home
Section 280A[6] *141 *142 was enacted in 1976 for all taxable years beginning after December 31, 1975, providing definitive rules on the deductibility of expenses incurred in maintaining a business office in a personal residence. S. Rept. 94-938 (1976), 1976-3 C.B. (Vol. 3), 49, 185; H. Rept. 94-658 (1975), 1976-3 C.B. (Vol. 2), 695, 852. From the text of section 280A it can be seen that the exceptions of section 280A(c) to the general prohibition of deduction of section 280A(a) command our attention. Petitioner's carport addition does not come within any of the exceptions, either in his work as a judge or in management of his farm properties. The carport addition was attached to petitioner's residence, thus failing the exception of section 280A(c)(1)(C). See section 280A(f)(1)(A). In his work as a judge, petitioner correctly does not seek the deduction, for he alleges no use of the addition in his judicial duties, thus even failing under section 162 or 212, and he cannot use the exceptions of section 280A(c)(1)(A) or of section 280A(c)(1) in general *143 since an office is freely available to him in the county courthouse as his principal place of business, there being no need to maintain the carport addition for the convenience of the county, petitioner's employer. Petitioner does claim that the addition was used as storage for his law office furniture and records and was, and will again be, used as a secondary office for his law practice once his term as judge has expired. This contention is of no avail, since petitioner was not in private practice in 1976 and any use of the addition with respect to prior or future activity without a business activity during the year in question is of no consequence. [7] Sections 162 and 212. Finally, petitioner claims that the addition was used intermittently as an office for the management of petitioner's farm properties. See Curphey v. Commissioner,73 T.C. 766 (1980). The claim itself is deficient. Section 280A(c)(1) clearly requires that the office be "used on a regular basis." Even were we to find that the addition was *144 used as an office for managing petitioner's properties, we could not find that it was used regularly.Respondent's disallowance of petitioner's deduction for an office in the home is sustained. [8]
Charitable Contribution Deductions
Petitioner claimed a charitable contribution deduction under section 170(a)(1) of $1,954.85; $1,704.85 as verified by check and $250.00 as out-of-pocked donations in response to various public solicitations.The out-of-pocket donations were supported only by petitioner's testimony. No other testimony or evidence was offered. Respondent allowed $1,630.00 as verified by check. Without further evidence from petitioner we sustain this determination. As for the amount claimed as out-of-pocket donations, respondent allowed $176.78. Without any more evidence or testimony other than that of petitioner and his return for 1976, we could not approximate, within reason, a greater sum, even under the guise of Cohan. Respondent's determination with respect to the charitable contribution *145 deduction is thus sustained. To reflect the foregoing, [9]
Decision will be entered for the respondent.
Footnotes
1. Petitioner's case consists of his personal testimony, a copy of his 1976 Federal income tax return attached to a stipulation of facts and an opening brief, which was 10 days late. A reply brief, due June 9, 1980, was not filed by petitioner as of the date of this Opinion.↩
2. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in question, unless otherwise noted. ↩
3. As in effect in 1976, section 274provided, in pertinent part:
SEC. 274.DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. (a) Entertainment, Amusement, or Recreation.-- (1) In General.--No deduction otherwise allowable under this chapter shall be allowed for any item-- (A) Activity.--With respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, unless the taxpayer establishes that the item was directly related to, or, in the case of an item directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), that such item was associated with, the active conduct of the taxpayer's trade or business, or
(B) Facility.--With respect to a facility used in connection with an activity referred to in subparagraph (A), unless the taxpayer establishes that the facility was used primarily for the furtherance of the taxpayer's trade or business and that the item was directly related to the active conduct of such trade or business, and such deduction shall in no event exceed the portion of such item directly related to, or, in the case of an item described in subparagraph (A) directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), the portion of such item associated with, the active conduct of the taxpayer's trade or business. (b) Gifts.--
(1) Limitation.--No deduction shall be allowed under section 162 or section 212 for any expense for gifts made directly or indirectly to any individual to the extent that such expense, when added to prior expenses of the taxpayer for gifts made to such individual during the same taxable year, exceeds $25. For purposes of this section, the term "gift" means any item excludable from gross income of the recipient under section 102 which is not excludable from his gross income under any other provision of this chapter, but such term does not include-- (A) an item having a cost to the taxpayer not in excess of $4.00 on which the name of the taxpayer is clearly and permanently imprinted and which is one of a number of identical items distributed generally by the taxpayer, (B) a sign, display rack, or other promotional material to be used on the business premises of the recipient, or
(C) an item of tangible personal property having a cost to the taxpayer not in excess of $100 which is awarded to an employee by reason of length of service or for safety achievement. (d) Substantiation Required.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations.
(e) Specific Exceptions To Application of Subsection (a).--Subsection (a) shall not apply to-- (1) Business Meals.--Expenses for food and beverages furnished to any individual under circumstances which (taking into account the surroundings in which furnished, the taxpayer's trade, business, or income-producing activity and the relationship to such trade, business, or activity of the persons to whom the food and beverages are furnished) are of a type generally considered to be conducive to a business discussion.↩
4. T.C. Memo 1966-173↩.
5. See Scott v. Commissioner,T.C. Memo 1974-279↩.
6. Section 280A provides, in pertinent part:
SEC. 280A. DISALLOWANCE OF CERTAIN EXPENSES IN CONNECTION WITH BUSINESS USE OF HOME, RENTAL OF VACATION HOMES, ETC. (a) General Rule.--Except as otherwise provided in this section, in the case of a taxpayer who is an individual or an electing small business corporation, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence. (b) Exception For Interest, Taxes, Casualty Losses, Etc.--Subsection (a) shall not apply to any deduction allowable to the taxpayer without regard to its connection with his trade or business (or with his income-producing activity). (c) Exceptions For Certain Business or Rental Use; Limitation on Deductions For Such Use. (1) Certain Business Use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis-- (A) as the taxpayer's principal place of business, (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or
(C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business. In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer.
(2) Certain Storage Use.--Subsection (a) shall not apply to any item to the extent such item is allocable to space within the dwelling unit which is used on a regular basis as a storage unit for the inventory of the taxpayer held for use in the taxpayer's trade or business of selling products at retail or wholesale, but only if the dwelling unit is the sole fixed location of such trade or business. (f) Definitions and Special Rules.-- (1) Dwelling Unit Defined.--For purposes of this section-- (A) In General.--The term "dwelling unit" includes a house, apartment, condominium, mobile home, boat, or similar property, and all structures or other property appurtenant to such dwelling unit.↩
7. Even if petitioner were in the trade or business of a law practice, the storage of furniture and records is not the storage of inventory contemplated by section 280A(c)(2)↩.
8. Only operating expenses and depreciation relative to the carport addition were disallowed by respondent. Deductions for interest and taxes were not disallowed. See section 280A(b)↩.
9. Respondent made two additional adjustments to petitioner's claimed business expense deduction, netting a disallowance of a mere $1.50. These minor adjustments were not placed in issue by petitioner and were not mentioned by either party. Thus, the net adjustment is considered conceded by petitioner.↩