WILLIAM G. EGNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Egner v. Commissioner
Docket No. 10115-83.
United States Tax Court
T.C. Memo 1984-473; 1984 Tax Ct. Memo LEXIS 199; 48 T.C.M. (CCH) 1041; T.C.M. (RIA) 84473; September 5, 1984. William G. Egner, pro se. Barbara E. Horan, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: By statutory notice of deficiency dated February 10, 1983, respondent determined deficiencies in petitioner's Federal income tax liabilities of $3,996 for 1979 and $11,836 *202 for 1980. After concessions by the parties, the issues for decision are (1) whether petitioner is entitled to miscellaneous itemized deductions and business deductions in excess of those allowed by respondent, (2) whether petitioner is entitled to an investment tax credit for the purchase of his pickup truck, and (3) whether petitioner is entitled to an award of litigation costs. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner resided in Evans, Colorado, at the time the petition herein was filed. Petitioner timely filed his Federal income tax returns for 1979 and 1980, and timely filed his petition herein on May 3, 1983. During the years in controversy, petitioner was employed by a Denver, Colorado, trucking company as a driver of 18-wheel transport trucks. During 1980, petitioner also started a business enterprise, apparently as a sole proprietor, known as "Protect Yourself," that marketed a line of survival products and sold newspapers from vending machines (hereinafter sometimes referred to as the "sales business"). On his Federal income tax returns for 1979 and 1980, petitioner deducted certain miscellaneous itemized expenses, employee *203 business expenses, and claimed an investment tax credit in connection with the purchase of a pickup truck. On his 1980 return, petitioner also deducted schedule C business expenses allegedly incurred in his sales business. Upon audit, petitioner failed to substantiate any of these alleged expenses, and respondent issued his notice of deficiency on February 10, 1983, denying all of the claimed deductions and credits. During the subsequent Appeals Office conference, 13 of the 46 deductions claimed by petitioner were allowed in full by respondent, 23 deductions were disallowed entirely or in part for lack of substantiation, and 10 deductions were disallowed entirely, regardless of substantiation, for failure to qualify as deductible expenses. The deductions disallowed for lack of substantiation and the amounts disallowed are reflected below: Amounts
Amounts Conceded
Amounts
Item
Claimed
By Respondent
Disallowed
1979
Business Telephone
$ 134.00
$ 107.00
$ 27.00
Fares
44.00
4.25
39.75
Meals
5,662.00
4,034.12
1,627.88
Feed Expense
2,524.00
749.00
1,785.00
1980
Business Telephone
610.00
193.00
417.00
Fares
810.00
540.00
270.00
Travel & Entertainment
1,840.00
9.00
1,831.00
Investment Publications
380.00
240.00
140.00
Books Related to Tax Law
1,740.00
1,624.00
116.00
Truck Supplies
2,992.00
1,747.00
1,245.00
Small Tools
410.00
200.00
210.00
Parking & Tolls
20.00
20.00
Dues & Publications
1,206.00
1,206.00
Liability Insurance
290.00
92.00
198.00
Legal & Professional
520.00
520.00
Postage
310.00
63.00
247.00
Bookkeeping/Secretarial
2,100.00
722.00
1,378.00
Service Charges
225.00
35.00
190.00
Sales Materials
1,370.00
1,123.00
247.00
Seminars
390.00
138.00
252.00
Advertising
2,435.00
321.00
2,114.00
[1] Depreciation 1,663.00
1,348.00
315.00
Machine Hire
1,800.00
1,722.00
78.00
TOTAL
$29,475.00
$15,011.37
$14,473.63
*204 Petitioner has no additional documentary evidence to substantiate the claimed deductions now in dispute [2] and his testimony at trial with respect thereto generally was vague. For example, we set forth below a portion of the transcript: THE COURT: Okay, "small tools," $210.00 [referring to the amount disallowed] -- THE WITNESS: That is just substantiation * * * those records are missing. * * * THE COURT: Okay, Do you want to -- the $140.00 disputed for "investment publication fees"? Is that just substantiation? THE WITNESS: Yes, those were basically, that is substantiation. THE COURT: Do you have any substantiation here on that item? THE WITNESS: No, anything that I had was given to them, and anything else is lost or destroyed or -- THE COURT: Okay, the $116.00 for "books and tapes related to tax law"? THE WITNESS: This is strictly *205 substantiation there. THE COURT: Do you have substantiation here on that today? THE WITNESS: No more than I had then. The following deductions were substantiated by petitioner, but were disallowed by respondent as personal expenses: Item
Amount Disallowed
1979
1980
Investment Travel
$ 481.00
Office in the Home
500.00
$ 541.00
Office Supplies
172.00
Clothing & Laundering
289.00
557.00
Accident & Disability Insurance
418.50
Meals and Lodging
156.00
Automobile Expenses
400.00
Camper Shell
400.00
Total Amount Disallowed
$1,442.00
$2,472.50
Petitioner *206 also claimed an investment tax credit in 1979 in the amount of $343 with respect to the purchase of his pickup truck, which respondent disallowed. At trial, petitioner also made written and oral motions and/or requests that this Court grant him assistance of counsel, a claim of right to a jury trial, a shifting of the burden of proof (treated as a request to shift the burden of going forward with the evidence) to respondent, and, in the alternative, an interlocutory appeal to the Tenth Circuit Court of Appeals, which requests were all denied. OPINION Unsubstantiated Expenses
All deductions from gross income, whether personal or business, must be substantiated pursuant to Section 6001. [3] Business expenses are subject to the further substantiation requirements of sections 1.162-17 and 1.274-5, Income Tax Regs.
Section 1.162-17(d), Income Tax Regs., suggests methods for substantiating business expenses that include the preparation *207 of a daily diary or record of expenditures, maintained in sufficient detail to enable the taxpayer to readily identify the amount and nature of any expenditure. The regulation also provides that "[w]here records are incomplete or documentary proof is unavailable, it may be possible to establish the amount of the expenditure by approximations based upon reliable secondary sources of information and collateral evidence." Section 1.162-17(d)(3), Income Tax Regs. This provision reflects the rule in Cohan v. Commissioner,39 F.2d 540, 544 (2d Cir. 1930), which provides authority for this Court to make reasonable approximations of some undocumented business expenses. The Cohan rule, however, is expressly inapplicable to any expenses incurred in business travel away from home (including meals and lodging), or in entertainment for business purposes. Such expenses must be fully documented and cannot be allowed on the basis of the unsupported testimony of the taxpayer. Section 1.274-5(a), Income Tax Regs.Section 274(d) *208 specifically outlines the elements necessary to substantiate alleged business travel and entertainment expenses as follows: (1) the amount; (2) the time and place; (3) the business purpose; and (4) the business relationship to the taxpayer of each person entertained.
If the taxpayer's failure to substantiate business travel and entertainment expenses is due to the loss of his records through circumstances beyond his control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer may be relieved of the specific substantiation requirements of section 274(d) and may be allowed to reconstruct his expenses using any reasonable method. Section 1.274-5(c)(5), Income Tax Regs.
Petitioner herein claims to fall within this exception for loss of records. Petitioner asserts that some of his financial records were stored at a friend's residence and upon his retrieval of the storage containers the records were missing. The loss of a taxpayer's records while *209 in the custody of a third party, however, absent a casualty, does not entitle the taxpayer to invoke the lost records exception of section 1.274-5(c)(5), Income Tax Regs.Gizzi v. Commissioner,65 T.C. 342 (1975). [4] Therefore, petitioner must fully document all business entertainment and travel expenses.
We conclude that petitioner has not substantiated any of the 23 deductions itemized above. With respect to the first six categories of unsubstantiated deductions ("Business Telephone" through "Travel and Entertainment"), those deductions were allegedly incurred while petitioner was away from home in connection with his employment as a truck driver or in connection with his sales business and they are therefore subject to the specific substantiation requirements of section 274(d). As explained above, petitioner is ineligible for the lost records exception, and also has provided no reconstruction of the expenses as required. We therefore sustain respondent with respect to these deductions. With respect to the remaining 17 categories of unsubstantiated deductions *210 ("Investment Publications" through "Machine Hire"), petitioner asserts that this Court is bound to accept his uncorroborated testimony as substantiation thereof unless such testimony is improbable, unreasonable, or questionable, citing Demkowicz v. Commissioner,551 F.2d 929, 932 (3rd Cir. 1977). We find that petitioner's maintenance of a "home office" (as explained below) specifically for the purpose of storing his tax records belies his assertion that such records are mysteriously "missing." That petitioner failed to produce his records leads us to question whether these expenses actually were incurred, and we cannot find, based on his testimony alone, that respondent's determination was erroneous. Petitioner also urges this Court to approximate his unsubstantiated expenses pursuant to the rule in Cohan,supra. Without reliable documentation, however, or other specific evidence in addition to petitioner's uncorroborated testimony, we are not inclined to utilize the Cohan rule to authorize deductions for those unsubstantiated expenses. We are not convinced that any expenses in excess of the amounts allowed by respondent actually were incurred by petitioner *211 and therefore sustain respondent on those claimed expenses. Substantiated Expenses
(1) Investment Travel -- Petitioner paid $481 for the rental of a motor home allegedly used to search for investment property. At the time, petitioner was not in the business of real estate investment, nor did he hold any investment property for the production of income, and petitioner did not locate any investment property during the trip in which he used the motor home. Expenses incurred in search of possible future investments are generally held to be insufficiently connected to income producing activity to be deductible. O'Donnell v. Commissioner,62 T.C. 781 (1974), affd. without opinion 519 F.2d 1406 (7th Cir. 1975). [5] At the time the motor home was rented, petitioner was not engaged in the business of investing in real property nor had he entered into any real estate investment for profit; therefore, the nexus between the transportation expense and the production of income is missing. Kinney v. Commissioner,66 T.C. 122, 127 (1976). *212 Moreover, we are not convinced that the motor home was rented for any purpose other than petitioner's personal pleasure.Accordingly, we sustain respondent on this issue. (2) Office in the Home -- In 1979 and 1980, petitioner deducted $500 and $541, respectively, as the expense incurred in maintaining a home office. This "office" consisted of a corner of petitioner's living room which was equipped with a desk and a file cabinet. Petitioner asserts that in 1979 he used this portion of his living room exclusively to maintain income tax records, and in 1980, to maintain both tax records and records for his sales business. Petitioner calculated this deduction based on his estimate of the fair rental value of this portion of his residence. Section 280A(a) generally prohibits a deduction for expenses incurred in connection with a taxpayer's personal residence. An exception in section 280A(c)(1)(A) allows a taxpayer a deduction for the costs of maintaining a portion of his personal residence if that portion is *213 exclusively used on a regular basis as the principal place of a taxpayer's trade or business. If the taxpayer is an employee, a deduction is allowed only if the exclusive and regular use of the home office is for the convenience of the employer. A further limitation provides that the deduction shall not be allowed to the extent that it exceeds the gross income derived from the business for which the office is exclusively and regularly used. Section 280A(c)(5). Respondent disallowed the home office deductions claimed by petitioner because the home office was not the principal place of petitioner's employment as a truck driver, because the office was not used for the convenience of petitioner's employer, and because it was not exclusively used on a regular basis as the principal place of petitioner's sales business. [6]
We agree with respondent for each of the reasons stated above. See Odom v. Commissioner,707 F.2d 508 (4th Cir. 1983), *214 an unpublished opinion, affg. a Memorandum Opinion of this Court. (3) Office Supplies -- Petitioner deducted the $172 cost of miscellaneous supplies such as paper, pencils and files. These supplies were used for, among other things, writing to legislators, keeping travel records which were required by his employer, and preparing his tax returns. Petitioner may not deduct the costs incurred in corresponding with legislators, unless such correspondence is of "direct interest" to petitioner's trade or business, i.e., is reasonably expected to directly affect petitioner's trade or business. Section 1.162-20(c)(2)(i)( b), Income Tax Regs. Petitioner did not submit any evidence with respect to the content of his correspondence and he has not provided any evidence to allocate the $172 between the costs of supplies for legislative correspondence and the cost of supplies used for his travel records and tax return preparation. Exercising our best judgment, however, (see Cohan,supra) we allow petitioner a deduction in the amount of $25 for office supplies relating to the travel *215 records and the preparation of his tax return. (4) Clothing and Laundering -- In 1979 and 1980, petitioner deducted $289 and $557, respectively, for expenses incurred in the purchase of clothing he wore as a truck driver, as well as the costs of laundering his work clothing. In order to deduct the cost of clothing, and the cleaning thereof, as ordinary and necessary business expenses, the clothing must be required as a condition of the taxpayer's employment and must not be suitable for general or personal wear outside the work place. Donnelly v. Commissioner,262 F.2d 411 (2d Cir. 1959), affg. 28 T.C. 1278 (1957); Yeomans v. Commissioner,30 T.C. 757 (1958). This is true even if the clothing would not have been purchased except for the taxpayer's employment, Donnelly v. Commissioner,supra;Yeomans v. Commissioner,supra, and the mere fact that the taxpayer does not wear the clothing outside of work does not mean the clothing was unsuitable for personal or private purposes. Hynes v. Commissioner,74 T.C. 1266, 1289-1291 (1980). *216 There is no evidence in the record that petitioner's employer required him to wear any particular type of clothing while at work, and there is no evidence ot suggest that petitoner's clothing was not generally suitable to wear during non-working hours.As far as we can tell, petitioner selected his clothing at his discretion and for his convenience and the costs incurred incident thereto are thus personal and non-deductible. Donnelly v. Commissioner,supra,Roberts v. Commissioner,176 F.2d 221 (9th Cir. 1949), affg. 10 T.C. 581 (1948). Because the cost of petitioner's clothing is a personal expense, the costs incurred in cleaning such articles are also non-deductible personal expenditures. Section 262; Hynes v. Commissioner,supra.
(5) Accident and Disability Insurance -- Petitioner deducted the $418.50 cost of accident and disability insurance which would provide income continuation in the event he became disabled. Where the proceeds of an insurance policy inure to a taxpayer's benefit alone, the cost *217 of such insurance is not deductible as a business expense under the provisions of section 162. Blaess v. Commissioner,28 T.C. 710 (1957). [7] The record herein fails to establish that the proceeds of petitioner's insurance policy were restricted in any way. Presumably, petitioner would be entitled to do with the proceeds of such insurance as he wished. On these facts, the cost of the insurance at issue is not deductible as a business expense under section 162. We therefore sustain respondent on this issue. (6) Meals and Lodging -- Petitioner deducted the $156 cost incurred for lodging in the city of Denver, Colorado, which respondent disallowed because the expense was not incurred while petitioner was away from home. Petitioner contends that his home for tax purposes is Evans, Colorado, his place of residence, and that his employment as a truck driver required him to take temporary lodging in Denver on some occasions because hazardous road conditions prevented his 50-mile commute from Denver back to his residence in Evans, and also because he was at times required to be available *218 for subsequent truck driving runs on short notice. It is well established that a taxpayer's home for Federal income tax purposes is his principal place of business or post of employment. [8]Mitchell v. Commissioner,74 T.C. 578, 581 (1980). Petitioner's principal place of business is in Commerce City, Colorado, in the Denver metropolitan area. Travel expenses, including meals or lodging, incurred in the general Denver area at the beginning or end of petitioner's truck driving runs are therefore non-deductible personal expenses because such expenses did not arise while petitioner was "away from home." [9]
(7) Automobile Expenses -- Petitioner used his pickup truck in 1980 to commute to Denver for his employment as a truck driver and also to make sales calls in connection *219 with his Protect Yourself business. Petitioner claimed $400 in expenses allegedly incurred incident thereto, including $306 for tires and other unspecified supplies, $88 for Colorado State vehicle registration, and $6 for a Greeley City business license. Upon audit, respondent conceded that petitioner had used the pickup truck in 1980 partially for business purposes and allowed him to reconstruct the mileage incurred therefrom under the optional method for vehicles placed in service after December 31, 1979. See, Rev. Proc. 82-61, 1982-2 C.B. 849. Respondent asserts that once petitioner chose to deduct mileage incurred in business pursuits under the optional method, he is precluded from deducting the vehicle's operating and fixed costs in addition thereto. We agree with respondent. Although not binding on this Court, the revenue procedure provides clear notice to taxpayers that deductions computed under the optional method "shall be in lieu of all operating and fixed costs of the vehicle allocable to business purposes." The phrase "operating and fixed costs" expressly *220 includes tires and registration fees. Sec. 3.01(1)(c), Rev. Proc. 82-61, supra,1982-2 C.B. at 850. It is conceivable that petitioner's truck supplies might fall outside the definition of operating and fixed costs, but we have no evidence with respect to what supplies were purchased and therefore have no basis from which to approximate an allowable deduction. We sustain respondent on this issue. (8) Camper Shell -- Petitioner deducted as a business expense the $400 cost of a camper shell that the purchased to protect sales merchandise, mattress, tools, and other equipment that petitioner carried in his pickup truck. Petitioner used the mattress, tools, and the equipment exclusively in his employment as a truck driver. He was assigned to drive a different transport truck on each occasion and was not permitted to store those items on the employer's premises. Petitioner asserts that the camper shell was a business expense, incurred in addition to his commuting expenses. In the alternative, petitioner argues that the camper shell was a capital asset and should be depreciated over its useful life. Respondent does not contest that the items transported *221 in petitioner's pickup truck were necessary for petitioner's employment or that they could only be transported in a vehicle such as a pickup truck.Respondent asserts, however, that the camper shell was a non-deductible personal expense. It is well established that the costs incurred in commuting to and from a taxpayer's place of employment are non-deductible personal expenses, and the fact that business "tools" are transported during the commute does not serve to convert the commuting costs into deductible business expenses. See, e.g., Fausner v. Commissioner,413 U.S. 838 (1973), affg. 472 F.2d 561 (5th Cir.), affg. a Memorandum Opinion of this Court; Feistman v. Commissioner,63 T.C. 129, 135 (1974), case dismissed on appeal 587 F.2d 941 (9th Cir. 1978). Where, however, as we stated in Feistman,supra,-- a commuter incurs additional expenses because he has to transport his "tools" to work, such additional costs may be deductible as a business expense under section 162. * * * It is not enough, however, that *222 the taxpayer demonstrate that he carried tools to work.He must also prove that the same commuting expenses would not have been incurred had he not been required to carry the tools. [Feistman,supra at 135, [10] citation omitted.] Petitioner testified, and we find such testimony credible, that any personal use of the camper shell was minimal, and that he would not have purchased the camper shell but for the necessity to protect the sales merchandise, bedding, tools, and equipment that were transported to his place of employment.On the record before us, we find that the camper shell was purchased for a business purpose and was incurred in addition to petitioner's commuting expenses. The camper shell, however, substantially improved the value of petitioner's pickup truck, and was therefore a capital expenditure that must be depreciated [11] over the camper shell's useful life rather than deducted as a business expense. [12] We so hold. *223 Investment Tax Credit
Petitioner claimed an investment tax credit of $343 in 1979 for the purchase of his pickup truck [13] which he used to commute to and from his employer's truck terminal and to transport the tools used in his employment. Respondent denied the credit on the grounds that the truck did not qualify as a business asset. To qualify for an investment tax credit, among other things, the newly-acquired property for which the credit is claimed must be subject to an allowance for depreciation. Sections 38 and 48. Section 167(a) allows depreciation on property that is used in a trade of business or held for the production of income. A taxpayer's use of his vehicle in commuting to work, even where he must carry tools that are necessary to his employment, *224 does not serve to convert the vehicle into a business asset. [14]Fausner,supra;Feistman,supra.Therefore, petitioner is not entitled to the investment tax credit. [15]
*225 Petitioner's Claim for Litigation Costs
In his brief, petitioner made a claim for litigation costs in an unspecified amount pursuant to section 7430 and Rule 231, Tax Court Rules of Practice and Procedure.Section 7430 provides that reasonable litigation costs, including attorney's fees, may be awarded to taxpayers who have filed petitions with this Court after February 28, 1983, and who have established that (1) all administrative remedies were exhausted, section 7430(b)(2); (2) the government's position in the case was unreasonable, section 7430(c)(2)(A)(1); and (3) the taxpayer has substantially prevailed with respect to either the amount in controversy or the most significant issue, section 7430(c)(2)(A)(ii). Litigation costs, however, may only be claimed, unless conceded by respondent, upon written motion to this Court filed after the issuance of an opinion determining the issues in the case, or after the parties have settled all issues in the case other than litigation costs. Rule 231(a)(2), Tax Court Rules of Practice and Procedure.
Because petitioner's request is *226 premature and improper in form, he has failed to meet the procedural prerequisites for an award of litigation costs under section 7430 and Rule 231. Furthermore, any such motion would be in vain as petitioner has not substantially prevailed with respect to the substantive issues herein. In light of the above conclusions, Decision will be entered under Rule 155.
Footnotes
1. Petitioner deducted $1,663 as straight-line depreciation for vending machines, store fixtures, and a tape duplicator, calculated on an unsubstantiated cost basis of $4,807. Respondent redetermined the depreciation deduction to be $1,348, calculated on a substantiated cost basis of $4,715, and disallowed the $315 difference.↩
2. Respondent rejected three pieces of documentary evidence submitted in an attempt to substantiate some of the petitioner's disallowed deductions: a handwritten 3" X 5" card to verify an $842 advertising expense paid in cash to one Omar Rivera for an 8-foot banner; a similar 3" X 5" card to verify an $1,785 expense for alfalfa; and a $180 receipt for "truck supplies" which itemized department store purchases in the girls, domestics, jewelry, stationery, and housewares departments. Respondent rejected this evidence because it did not reliably verify the claimed expenses.↩
3. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the years in issue.↩
4. See Flowers v. Commissioner,T.C. Memo. 1980-374↩.
5. See also Stroope v. Commissioner,T.C. Memo. 1975-348↩.
6. Indeed, it appears from the record that petitioner deducted $300 in 1980, which respondent concedes was proper, for rental of a business property presumably to house the operations of petitioner's sales business. (Ex. 8-G)↩
7. See also Andrews v. Commissioner,T.C. Memo. 1970-32↩.
8. Petitioner's reliance on Rosenspan v. Commissioner,438 F.2d 905 (2d Cir.) cert. denied 404 U.S. 864 (1971), is misplaced. Rosenspan↩ involved an itinerate taxpayer who had no home from which to be away. 9. Rev. Rul. 55-236, 1955-1 C.B. 274↩.
10. See also Myers v. Commissioner,T.C. Memo. 1981-735↩, wherein the taxpayer, a truck driver, deducted a portion of the costs of commuting to his employer's truck terminal in a van that carried a mattress, tools, etc., for use on the job. The taxpayer deducted the portion of the costs of driving the van that exceeded the cost of driving a smaller car. The Court disallowed the expense because it was not incurred in excess of the expenses that the taxpayer would have incurred had he operated the van without the mattress and other items. 11. The parties are to attempt to agree on the appropriate depreciation of the camper shell in 1980 in connection with the Rule 155 computation.↩
12. Clark v. Commissioner,T.C. Memo. 1969-241; Jones v. Commissioner,↩ a Memorandum Opinion of this Court dated May 29, 1952.
13. Petitioner's credit was apparently calculated on an alleged qualified investment in the amount of $3,431, which is approximately 51% of the cost basis of his pickup truck. Petitioner was not engaged in his sales business in 1979 and therefore did not claim the pickup truck was purchased for use in that regard.↩
14. Petitioner relies on Pool v. Commissioner,T.C. Memo. 1977-20, in support of his assertion that his pickup truck is a business asset. In Pool, the taxpayer, a construction worker, was required by his employer to carry construction materials weighing up to one ton to various job sites, which he carried in his pickup truck. In addition to his pickup truck, the taxpayer owned a station wagon which he would have used to commute to work but for the necessity of carrying the construction materials. We allowed the taxpayer to deduct the costs of operating his truck that exceeded the costs he would have incurred had he driven the station wagon, under the rule in Feistman,supra.We did not allow a blanket deduction for all commuting costs nor did we recharacterize the taxpayer's vehicle as a business asset. Petitioner herein is distinguished from the taxpayer in Pool↩ because petitioner did not own a second vehicle and would have commuted in his pickup truck regardless of the need to carry his "tools" to work. 15. See Gladu v. Commissioner,T.C. Memo 1982-702↩.