92 F.3d 1191
 78 A.F.T.R.2d 96-5874, 96-2 USTC P 50,451
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry L. BOSLEY; Sandra N. Bosley; Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 95-70021.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1996.
Decided Aug. 1, 1996.
 
 Before: FLETCHER, BEEZER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The underlying problem giving rise to the Bosleys' claim is that the Bosleys' representative thought the discovery requests to which they failed to respond related only to the Florida tax shelter deductions which they had decided not to defend. Their accountants failed to respond to the discovery relating to the Florida Tax Shelter. The Commissioner moved to dismiss their petition. The Tax Court ordered them to show cause why the petition should not be dismissed. Their representative did not file any showing of cause, so the petition was dismissed.
 
 
 3
 Tax Court Rule 162 limited the Bosleys' time to file a motion to vacate or revise a final order to thirty days, unless the court should otherwise permit. The Bosleys did not seek relief until eight months after the order of dismissal. That was too late.
 
 
 4
 The Tax Court could have set aside the dismissal "upon motion expeditiously made" under Tax Court Rule 123(c). The term "expeditiously" is not defined, but this period cannot be longer than the ninety day period for Tax Court decision finality under 26 U.S.C. §§ 7841(a)(1) & 7843. Billingsley v. Commissioner, 868 F.2d 1081, 1084 (9th Cir.1989). The decision became final within ninety days under 28 U.S.C. § 7841, so could no longer be set aside because of mistake.
 
 
 5
 The only grounds on which the Tax Court could have vacated its decision once it became final would have been if the Commissioner committed fraud on the court, or the Tax Court lacked jurisdiction to issue its initial order. Toscano v. Commissioner, 411 F.2d 930, 933 (9th Cir.1971) (fraud on the court); Billingsley, 868 F.2d at 1085 (jurisdiction). No jurisdictional challenge is made in this case. The ground urged is fraud on the court.
 
 
 6
 We have examined the representations that the Commissioner made to the Court, and can identify no fraud. The Bosleys' representative may have mistakenly thought that all he was ignoring was the Florida Tax Shelter portion of the case, which involved little money and which the Bosleys did not intend to contest. But we can see nothing in the record to support the theory that the IRS misled the Court. The Commissioner sought dismissal of the petition, not just the Florida part of it. Though the discovery violation related only to the Florida issue, the IRS motions plainly and expressly applied to the Bosleys' entire petition.
 
 
 7
 So far as the record before us shows, the Bosleys' petition was dismissed entirely because of neglect by their representatives, and not because of any wrongdoing of the Bosleys. But that does not amount to fraud on the court. See Abatti v. Commissioner, 859 F.2d 115, 119 (9th Cir.1988). "Appellants' situation is more analogous to a misunderstanding of Tax Court procedure or instructions than to 'fraud on the court,' and the former is insufficient to overcome the finality rules." Id. (citations omitted); Feistman v. Commissioner, 587 F.2d 941, 943 (9th Cir.1978) (no fraud on the court where taxpayers' counsel unreasonably interpreted a letter from the Clerk of Court); Anderson v. Commissioner, 693 F.2d 844, 846 (9th Cir.1979) (no fraud on the court where taxpayers were misled by their nonlawyer tax advisors into believing an appeal had been filed).
 
 
 8
 We need not decide whether Federal Rule of Civil Procedure 60(b) applies to the Tax Court. See Feistman, 587 F.2d at 943 (Tax Court's jurisdiction exists only to the extent enumerated by statute); Abatti, 859 F.2d at 118 ("the Tax Court's jurisdiction to grant equitable relief is strictly limited"); cf. Tax Court Rule 1 ("Where in any instance there is no applicable rule of procedure, the Court or Judge ... may prescribe the procedure, giving particular weight to the Federal Rules of Civil Procedure to the extent that they are suitably adaptable to govern the matter at hand."). No basis was shown in this case for Rule 60(b) relief, whether the Tax Court would have jurisdiction to grant it or not. The record before us shows that the firm representing the Bosleys in Tax Court failed to respond to discovery, failed to respond to an order to show cause, and failed to seek any relief within the time period allowed after the Tax Court dismissed the Bosleys' petition. The excuse offered was insubstantial. There was not excusable neglect. Engleson v. Burlington Northern R.R. Co., 972 F.2d 1038, 1043-44 (9th Cir.1992) (counsel's ignorance of the governing law does not constitute excusable neglect); see also Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962) (dismissal on account of counsel's unexcused conduct is not an unjust penalty because "[p]etitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omission of this freely selected agent"). This case does not set up " 'an extraordinary situation which cannot fairly or logically be classified as mere 'neglect' on [the petitioners'] part,' " so as to fall under Rule 60(b)(6). United States v. RG & B Contractors, Inc., 21 F.3d 952, 956 (9th Cir.1994) (citations omitted). The case at bar is similar in principle to Feistman and Anderson.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3