Lonny F. ZWIENER and Ardith E. Zwiener, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondents-Appellees.

No. 84–4068
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 4, 1984.

Lonny F. Zwiener, pro se.

Ardith E. Zwiener, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div. Dept. of Justice, Michael L. Paup, Chief, Appellate Section, John H. Menzel, Director, Tax Litigation Div., Joel Gerber, Acting Chief Counsel, I.R.S., Washington, D.C., for respondents-appellees.

Before WILLIAMS, JOLLY, and HILL, Circuit Judges.

## PER CURIAM:

Taxpayers-appellants Lonny F. Zwiener and Ardith E. Zwiener appeal the Tax Court's decision of October 31, 1983, determining deficiencies totalling $3,364.73 in their federal income taxes for the years 1978 and 1979. The challenge here is to the Commissioner's finding that employee contributions to a state retirement plan and to the federal social security system are not excludable or deductible from income. We affirm.

### I.  Background

Lonny F. Zwiener and Ardith E. Zwiener were married during the years in issue. They timely filed joint federal income tax returns for the years 1978 and 1979 with the Internal Revenue Service in Austin, Texas. During those years, Mr. Zwiener worked for the Texas Attorney General's office receiving gross wages of $33,333.28 and $35,938.57, respectively, from that employment. He was also paid $800 in each of the years by St. Edward's University. During 1978 and 1979 Mrs. Zwiener received wages of $10,790.52 and $11,658.56, respectively, from her employment with the United States Department of Treasury. As a federal employee, she made mandatory contributions from her salary into a federal employees' retirement plan.[1]

Texas law in effect in 1978 and 1979 established a retirement system for state employees, Employees Retirement System of Texas (state plan), consisting of a compulsory nonforfeitable plan into which taxpayer, as a state employee, was required to contribute amounts from his gross wages.[2] Tex.Rev.Civ.Stat.Ann. art. 6228a (Vernon 1970). These contributions were effected through withholding by taxpayer's employer. Taxpayer could, however, receive a refund of his contributions upon termination of employment for reasons other than death or retirement. Id., § 5(E).

Federal law also required that taxpayer make contributions under the Federal In-

---

1. Amounts withheld from Mrs. Zwiener's wages, however, are not in issue on this appeal. Future references to taxpayer, therefore, will refer to Mr. Zwiener.

2. The nonforfeitable aspect of the retirement plan was stipulated to by the parties.

surance Contributions Act (F.I.C.A. or social security). 26 U.S.C. §§ 3101 *et seq.* These contributions were exacted by a tax levied on taxpayer's gross wages under section 3101[3] and effected through withholding by taxpayer's employer. In addition, section 3111 imposed upon employers a compulsory contribution into the social security system in the form of a tax levied with respect to wages paid by them to employees.

Amounts were withheld for the years in issue from taxpayer's wages by his employer as taxpayer's compulsory contribution to the state plan and to F.I.C.A. in the following amounts:

| Year | Attorney General's Office | | St. Edward's University |
|---|---|---|---|
| | State Plan | F.I.C.A. | F.I.C.A. |
| 1978 | $2,000.00 | $1,070.85 | $48.40 |
| 1979 | 2,098.40 | 1,403,77 | 49.04 |

On his 1978 and 1979 returns taxpayer claimed deductions from gross income in amounts equal to the amounts withheld from his wages for contributions to the state plan and to social security. The Commissioner determined that taxpayer was not entitled to exclude or deduct either the amounts contributed to the state plan or to social security. Taxpayer thereafter petitioned the Tax Court for a redetermination of the deficiencies. In the Tax Court proceedings all facts pertinent to the disposition of this action were stipulated.

The decision of the Tax Court, filed October 31, 1983, denied the petition and found in favor of the Commissioner. Taxpayer timely filed notice of appeal from this decision.

## II. Contributions to the State Plan

Taxpayer contends on brief that the amounts paid into the state plan, and deducted by him, are excludable from his gross income because the contributions are compulsory, the retirement benefits are not vested and the state plan is not a "qualified" plan under section 401(a).

While the issue raised by taxpayer is one of first impression in this circuit, the Third, Sixth and Ninth Circuits have uniformly held that amounts contributed by federal employees to the federal civil service retirement system are income received by the employees subject to federal income taxation. *Cohen v. Commissioner,* 543 F.2d 725 (9th Cir.1976); *Hogan v. United States,* 513 F.2d 170, 174 (6th Cir.), *cert. denied,* 423 U.S. 836, 96 S.Ct. 62, 46 L.Ed.2d 55 (1975); *Megibow v. Commissioner,* 21 T.C. 197, 200 (1953), *aff'd,* 218 F.2d 687 (3rd Cir.1955). Inclusion of these contributions as income has been based upon either of two grounds. First, compulsory employee contributions are treated as income if they are refundable upon termination of employment for reasons other than death or retirement. *See Hogan v. United States, supra* at 174; *see also* Rev. Rul. 72–94, 1972–1 Cum.Bull. 23. Second, amounts contributed are treated as income if they purchase (in the nature of an annuity) some valuable present economic benefit. *Mayo v. United States,* (S.D.Tex.1982, 82–2 USTC par. 9457); *Megibow v. Commissioner,* 218 F.2d at 691.

We further adhere to the proposition that, where refund rights or benefits of state employee retirement plans are similar or comparable to those of the federal civil service system, then state employee contributions are taxable as current income in the same manner as federal employee contributions. *Feistman v. Commissioner,* 63 T.C. 129, 133 (1974), *cited with approval in Kosmal v. Commissioner,* 670 F.2d 842 (9th Cir.1982); *Mayo v. United States, supra; see University of North Dakota v. United States,* 603 F.2d 702, 704 (8th Cir.1979). The Employees Retirement System of Texas is identical to the federal civil service retirement system in two significant areas. First, state law allows for a refund of the amount contributed to the plan if taxpayer terminates his employment for a reason other than retirement or death. Tex.Rev.Civ.Stat.Ann. art. 6228a,

---

**3.** Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, 26 U.S.C., as amended and in effect during the years in issue.

§ 5(E) (Vernon 1970). Second, as the Tax Court found, taxpayer did receive a valuable present economic benefit; this consisted of the various rights and benefits provided for under the state plan. Accordingly, we agree with the Tax Court that taxpayer has failed to identify any material distinctions between contributions to the federal civil service retirement system and contributions to the state plan at issue here. As a result, the Commissioner's determination that taxpayer's contribution to the state plan comprised part of taxpayer's taxable income was correct.

Taxpayer also contends that because the Texas Legislature may at some future time change the law governing the payment of benefits under the state plan, his right to benefits under the plan is not vested. This argument has been rejected in the context of the federal civil service retirement system. Addressing a similar argument to that raised by taxpayer, the Third Circuit stated:

> These rights were secured in consideration of contributions made from his salary, and at least to the extent of such contributions made, they could not be taken from him under the provisions of the Act, and we may not assume that Congress, if it could, would change the law so as to deprive him of substantial rights acquired thereunder.

*Megibow v. Commissioner, supra* at 691–92 (citing *Miller v. Commissioner,* 144 F.2d 287, 290 (4th Cir.1944). Similarly, we will not assume that the Texas Legislature will act to cause the forfeiture of taxpayer's contributions to the state plan. The present status of Texas law, as stipulated by the parties, entitles taxpayer to a statutory right of refund for contributions made to the state plan. Accordingly, we find no merit in taxpayer's contention that he had no vested rights under the state plan.

■ Taxpayer also contends that the state plan, if truly nonforfeitable, is a "qualified" plan under section 401 and, as a result, his contributions to the plan are deductible under section 402. Even if the state plan is considered a "qualified" pension plan, taxpayer does not cite authority for, nor do we find support for, taxpayer's contention that section 402 provides for the allowance of a deduction for such employee contributions. *Hogan v. United States, supra* at 175. Section 402 deals with the taxability of distributions from qualified plans and not contributions made to those plans.

■ Taxpayer also challenges the current taxation of his contributions to the state plan as violative of the due process clause of the Fifth Amendment to the United States Constitution. Taxpayer is incorrect, however, in asserting that currently taxed contributions will also be taxed later as benefits. Section 72 provides for the exclusion of that portion of benefits received under the state plan that are attributable to taxpayer's contributions. Accordingly, we hold the Commissioner correctly disallowed the exclusion or deduction of taxpayer's contributions to the state plan.

### III.  Contributions to F.I.C.A.

■ Taxpayer also challenges the Commissioner's determination that amounts he contributed to social security were not excludable from gross income. He asserts that F.I.C.A. taxes are "built in" to his employment and, therefore, do not fall within the section 3121 definition of wages. We find no merit in this argument. "Wages," as defined in section 3121(a), includes "all remuneration for employment"; moreover, taxpayer stipulated that he received in the form of wages $34,133.28 in 1978 and $36,738.57 in 1979. Notwithstanding taxpayer's contributions to F.I.C.A., those amounts fall within section 3121(a) and must be reported as gross income. In addition, the Internal Revenue Code expressly states that amounts contributed to F.I.C.A. are not deductible from gross income. Section 275(a)(1)(A). *See Escofil v. Commissioner,* 464 F.2d 358 (3rd Cir.1972), *cert. denied,* 409 U.S. 1112, 93 S.Ct. 923, 34 L.Ed.2d 694 (1973).

For the foregoing reasons the decision of the Tax Court is AFFIRMED.