CRAIG JAY SICKLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sickler v. Commissioner
Docket No. 23555-92
United States Tax Court
T.C. Memo 1994-462; 1994 Tax Ct. Memo LEXIS 466; 68 T.C.M. (CCH) 727; September 19, 1994, Filed *466 An order granting respondent's motion for damages under section 6673 in the amount of $ 10,000 will be issued, and decision will be entered for respondent. Craig Jay Sickler, pro se. For respondent: James R. Rich. WOLFE
WOLFE
MEMORANDUM OPINION WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined the following deficiencies in petitioner's Federal income taxes, additions to tax, and penalty: Additions to Tax
Penalty
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6654(a)
Sec. 6662(a)
1989
$ 6,486
$ 1,622
--
$ 1,297
1990
$ 6,789
1,697
$ 444
--
The issues for decision with respect to petitioner's Federal income taxes for 1989 and 1990 are: (1) Whether petitioner is liable generally for Federal income taxes *467 on his wages; (2) whether petitioner is liable for Federal income taxes on the portion of wages which he earned but which his employer withheld for Social Security taxes; (3) whether petitioner is liable for additions to tax under section 6651(a) for failure to file returns timely; (4) whether petitioner is liable for the accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations for 1989; (5) whether petitioner is liable for the addition to tax under section 6654(a) for failure to make estimated tax payments for 1990; and (6) whether petitioner should be required to pay the United States a penalty under section 6673. Some of the facts have been stipulated and are so found. Petitioner resided in Winston-Salem, North Carolina, when his petition was filed. During the years in issue petitioner was employed by U.S. Air, Inc. Petitioner filed a Form 1040A for the taxable year 1989. On Line 7, "Wages, salaries, tips, etc.", petitioner inserted an asterisk referring to a statement on the same page which read: * Line 7 - Information on wages earned (of which only $ 32,961.43 was actually paid to me) is supplied on Form W-2, attached. *468 The taxation of wages is constitutionally direct in substance and effect, and is illegal unless apportioned as per Art.I, Sect.2 Cl.3 and Art.I, Sect.9, Cl.4.
Petitioner submitted to respondent a Form 1040 for the taxable year 1990 on which he included a handwritten statement to the same effect as the statement on his 1989 Form 1040A. Although petitioner did not assert on his petition that the amount of his wages was not taxable, except the amounts withheld for Social Security taxes, he asserted at trial, on brief, and on his Forms 1040 and 1040A filed for the years in issue that wages are not taxable unless apportioned. Petitioner did not report his wages on his Forms 1040 and 1040A. For 1989 and 1990, U.S. Air, Inc. withheld Social Security taxes in the amount of $ 2,676.39 and $ 2,843.28, respectively. No Federal income taxes were withheld from petitioner's wages for the years in issue. Respondent determined that the entire amount reported as wages on petitioner's 1989 and 1990 Forms W-2 was required to be included in petitioner's gross income for those years. In addition, respondent determined that petitioner was liable for the additions to tax under section 6651(a) *469 for failure to file timely returns for both 1989 and 1990. Respondent also determined that petitioner was liable for the accuracy-related penalty for negligence or disregard of rules or regulations for 1989 and the addition to tax under section 6654(a) for failure to make estimated tax payments for 1990. Respondent's determinations as to petitioner's tax liability are presumed correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner argues that wages are not income for purposes of the 16th Amendment and that the tax upon wages is a direct tax and must be apportioned. Petitioner's argument that his wages are not taxable by any tax that is not apportioned has been rejected repeatedly. See Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984); Sickler v. United States, 70 AFTR 2d 92-5377, 92-2 USTC par. 50,388 (M.D.N.C. 1992), affd. without published opinion 989 F.2d 494 (4th Cir. 1993). The Internal Revenue Code expressly provides that gross income includes compensation *470 for services. Sec. 61(a)(1). This Court has explicitly stated that "Gross income means all income from whatever source derived including (but not limited to) wages." Abrams v. Commissioner, supra at 407. Wages are income and are, therefore, within the ambit of the 16th Amendment which provides that apportionment is not required. In an unpublished opinion, the Court of Appeals for the Fourth Circuit recently affirmed a decision of the District Court for the Middle District of North Carolina rejecting petitioner's argument with respect to his return for 1990. Sickler v. United States, supra.[2] Petitioner's contention is without merit. *471 Petitioner also contends that he is not required to report the amounts withheld for Social Security taxes as gross income for 1989 or 1990. He argues that the amounts withheld for Social Security taxes are not gross income to him because he did not receive and did not have any right to receive those amounts. This argument also has been rejected repeatedly by this Court and other courts. Zwiener v. Commissioner, 743 F.2d 273 (5th Cir. 1984), affg. T.C. Memo. 1983-659; Roscoe v. Commissioner, T.C. Memo. 1984-484. Amounts contributed for Social Security taxes must be reported as gross income, Zwiener v. Commissioner, supra, and are not deductible. Sec. 275(a)(1). Petitioner argues that the treatment of alimony payments under the Internal Revenue Code supports his treatment of the Social Security taxes withheld. Petitioner's reliance on this argument is misplaced. Deductions are strictly a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S.    , 112 S. Ct. 1039 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). *472 Section 215 permits a deduction from gross income for alimony payments, while section 275(a)(1) specifically disallows such a deduction for payment of Social Security taxes. Respondent's determination with respect to Social Security taxes is sustained. Respondent determined that petitioner is liable for additions to tax under section 6651(a) for both 1989 and 1990. Section 6651(a)(1) imposes an addition to tax for a taxpayer's failure to file a required return on or before the specified filing date, including extensions. The addition to tax may be avoided, however, if the taxpayer can show that the failure to file the return was due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1); Richardson v. Commissioner, 72 T.C. 818, 826-827 (1979). Reasonable cause for the failure to timely file a return exists if the taxpayer exercised ordinary business care and prudence but, nevertheless, was unable to file the return within the time prescribed by law. Niedringhaus v. Commissioner, 99 T.C. 202, 220-221 (1992); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. The burden of proof is on petitioner. Rule 142(a). *473 Petitioner filed a Form 1040A for 1989 and a Form 1040 for 1990. Petitioner did not report his wages as income on those forms. Respondent determined that the forms which petitioner filed were not "returns" within the meaning of section 6651 because the forms did not include an amount of wages earned by petitioner. Petitioner asserts that attachment of his Forms W-2 to the forms fulfills his obligations of complete disclosure. It is well-settled that attachment of a Form W-2 does not substitute for the disclosure on the return, itself, of information as to income, deductions, credits, and tax liability. Beard v. Commissioner, 82 T.C. 766, 779 (1984), affd. 793 F.2d 139 (6th Cir. 1986); Reiff v. Commissioner, 77 T.C. 1169 (1981). Petitioner argues that he did not include his wages on Line 7 of those forms because of the jurat. Petitioner testified that he could not sign the Forms 1040A and 1040 because he did not believe they were "true, correct, and complete". Petitioner's argument has no basis in law. In Sickler v. Commissioner, supra, the District Court ruled that the manner *474 in which petitioner completed his Form 1040 for 1990 was an incorrect manner of completing a tax return. Petitioner completed his Form 1040A for 1989 in the same manner. Petitioner presented no evidence or testimony to show that he made an honest and genuine attempt to satisfy the requirements of a return in completing his Forms 1040A and 1040 for 1989 and 1990. Petitioner states that the income tax laws "cannot compel petitioner to swear, under penalty of perjury, that he believes wages are a proper subject of an unapportioned tax". Petitioner testified that his belief that his wages were not subject to the Federal income tax prohibited him from including those amounts as wages on his Forms 1040A and 1040 and signing those Forms as "true, correct, and complete" returns. A good-faith belief that the filing of an income tax return would violate a taxpayer's constitutional rights does not, in and of itself, constitute reasonable cause for failure to file. [3]Reiff v. Commissioner, supra.Petitioner was aware that the Code provides that wages are subject to Federal income tax. His purported belief that provisions of the Code are unconstitutional *475 does not relieve him of his obligation to timely file returns. See Cheek v. United States, 498 U.S. 192 (1991); Niedringhaus v. Commissioner, supra.Respondent's determinations with respect to the additions to tax under section 6651(a) for 1989 and 1990 are sustained. Respondent also determined that petitioner was liable for the accuracy-related penalty for negligence or disregard of rules or regulations under section 6662(a) for 1989 and the addition to tax under section 6654 for failure to make estimated tax payments for *476 1990. Petitioner merely asserted that he is not liable for either the additions to tax under section 6654 or the accuracy-related penalty because respondent asserted different penalties and additions to tax for tax years in which he treated the income items the same. Petitioner cites no authority for this proposition, and we find no legal rationale for his position. Section 6662(a) and (b)(1) imposes a penalty on any portion of an underpayment which is attributal to negligence or disregard of rules and regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with the Internal Revenue Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Petitioner has the burden of proof on this issue. Rule 142(a). Petitioner provided no evidence that his underpayment was not due to negligence or that he did not disregard rules or regulations. He provided no evidence that he had authority for his understatement, and his return did not disclose it. Respondent's determination of a section 6662 penalty for 1989 is sustained. Respondent determined that petitioner was liable for additions to tax under section *477 6654(a) for failure to pay estimated income tax for 1990. Where payments of tax, either through withholding or by making estimated quarterly tax payments during the course of the year, do not equal the percentage of total liability required under the statute, imposition of the addition to tax under section 6654 is automatic, unless petitioner shows that one of the statutory exceptions applies. Niedringhaus v. Commissioner, supra at 222; Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioner bears the burden to show qualification for such exception. Habersham-Bey v. Commissioner, 78 T.C. 304, 319-320 (1982). Petitioner has not sustained this burden. U.S. Air, Inc. did not withhold any Federal income taxes from petitioner's 1989 or 1990 wages, and petitioner did not make any estimated tax payments for those years. Accordingly, we hold that petitioner is liable for the addition to tax under section 6654 for 1990. At trial respondent moved for sanctions under section 6673 against petitioner on the grounds that he had instituted and maintained the proceedings primarily for *478 delay and that his positions were frivolous and groundless. Section 6673(a)(1), as in effect for positions taken after December 31, 1989, in proceedings pending on, or commenced after such date, provides that a penalty not in excess of $ 25,000 may be awarded "Whenever it appears to the Tax Court that * * * proceedings before it have been instituted or maintained by the taxpayer primarily for delay, * * * [or] the taxpayer's position in such proceeding is frivolous or groundless". Petitioner researched his arguments and admitted that he was aware that many courts had consistently held that the positions that he asserted were incorrect. Respondent furnished petitioner with a copy of the opinion in Abrams v. Commissioner, 82 T.C. 403 (1984), which clearly rejected petitioner's principal argument. Petitioner filed his petition in this case on October 22, 1992, over 3 months after the opinion in Sickler v. United States, 70 AFTR 2d 92-5377, 92-2 USTC para. 50, 388 (M.D.N.C. 1992), was filed. In the prior Sickler case, the District Court found that the contentions that petitioner presented in that case, *479 which are identical to the contentions petitioner asserts in this case, were "patently absurd". Respondent repeatedly warned petitioner that if he pursued his protester arguments respondent would move for a penalty under section 6673. At trial, this Court again warned petitioner that a section 6673 penalty could be awarded. Despite these warnings petitioner continued to advance his frivolous claims even though he knew from the previous decision against him and from his research that such claims were meritless. Petitioner's pursuit of his groundless claims resulted in a waste of this Court's time and resources. Other taxpayers "with genuine controversies were delayed while we considered this case". See Abrams v. Commissioner, supra at 412. Accordingly, we require petitioner to pay to the United States a penalty under section 6673 in the amount of $ 10,000. An order granting respondent's motion for damages under section 6673 in the amount of $ 10,000 will be issued, and decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue, unless otherwise stated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner's suit in District Court was brought under sec. 6703(c) for refund of a penalty imposed under sec. 6702 for the filing of a frivolous income tax return. Sec. 6703(b) provides that deficiency procedures shall not apply with respect to the assessment or collection of penalties provided by sec. 6702. Petitioner has presented many of the same arguments as to his 1990 return in the deficiency proceedings in this Court and in the proceedings in District Court with respect to the penalty under sec. 6702.↩
3. In Cheek v. United States, 498 U.S. 192, 205 (1991), the Supreme Court stated that a good-faith belief that the law is unconstitutional, as opposed to a good-faith misunderstanding of the law, does not negate willfulness in a criminal case. See also Niedringhaus v. Commissioner, 99 T.C. 202 (1992) (involving application of the Cheek↩ case to a civil tax case).